BENTZ, APPELLANT, *v.* MULLINS, APPELLEE.

[Cite as Bentz v. Mullins (1970), 24 Ohio App. 2d 137.]

(No. 11107—Decided May 4, 1970.)

*Messrs. Marvin Kleinman* and *Kenneth F. Seibel,* for plaintiff-appellant.

*Messrs. Cowell, Fletcher & Hereth,* for defendant-appellee.

HESS, J. This is an appeal from the Court of Common Pleas, Hamilton County, from the action of that court in sustaining a motion for judgment in favor of the defendant at the close of the plaintiff's case. The parties will be referred to as they appeared in the trial court.

Originally, this cause was filed in the Municipal Court of Hamilton County. After the amended petition, answer, cross-petition and answer thereto were filed, the cause was certified to the Court of Common Pleas because the amount claimed by the defendant in his cross-petition exceeded the monetary jurisdiction of the Municipal Court. The case proceeded to trial without a jury. At the close of plaintiff's evidence the trial court sustained a motion by the defendant for judgment in his favor and such was entered accordingly. Thereafter, the defendant dismissed his cross-petition without prejudice.

The amended petition alleges that the plaintiff is the owner and holder of a note signed by the defendant on July 2, 1965 for the sum of $1,200, payable on December

29, 1965; that demand for payment was made on the defendant January 5, 1966, and no payment has been made on the note; that the consideration for the note signed by the defendant "is a cash loan of $300 and that the balance of the $1,200 is for money advanced by the plaintiff for use on a farm owned by the defendant."

The answer of the defendant denies that there is any money due plaintiff on the note; that said note was "given in connection with a proposed partnership between the parties for the operation of a farm;" that the partnership never materialized; that after defendant signed a promissory note plaintiff would have nothing to do with him.

It will be observed from his answer that the defendant does not deny signing a note but pleads the defense of failure of consideration.

In his appeal plaintiff presents one assignment of error: "The trial court erred in granting defendant's motion for a directed verdict at the close of plaintiff's evidence." This assignment of error raises the issue of whether the evidence presented by the plaintiff established a prima facie case against the defendant.

It appears from the bill of exceptions that the plaintiff called the defendant for cross-examination and he testified as follows:

"Q. Mr. Mullins, I will show you what has been marked for identification as Plaintiff's Exhibit Number 1, and I will ask you to tell me what that is?

"A. That is a note for $1,200.

"Q. All right. Now, whose signature appears in the lower righthand side of that note?

"A. My signature.

"Q. Did you execute and deliver this note to Mr. Bentz?

"A. No, sir.

"Q. How did Mr. Bentz get it?

"A. I don't know how he got it.

"* * *

"Q. Well, again I will ask you if that is your signature?

"A. That is my signature, or at least it looks like it.

"* * *

"Q. Is this your signature?

"A. That looks very much like my signature.

"Q. That is not the question that I am asking you, Mr. Mullins. Is that or is it not your signature?

"A. No, it is not my signature, because I didn't sign that note.

"Q. Did you sign a note?

"A. I signed a note, yes.

"Q. What was the sum of money in that note?

"A. The sum was $1200.

"Q. When did you sign that note?

"A. Sometime in June or July, I believe."

The plaintiff testified in his own behalf as follows:

"Q. Mr. Bentz, I will show you what has been marked for identification as Plaintiff's Exhibit Number 1. Would you identify that for me, please?

"A. That is a note for $1,200 payable to me, signed by Mr. Loyns Mullins.

"Q. Did you see him sign that note?

"A. Yes, sir.

"Q. Where was that?

"A. In the office of my motel.

"Q. Did he give you the note?

"A. Yes.

"* * *

"Q. Have any payments been made on this note?

"A. No, sir."

It will be observed that in pleading, the answer of the defendant does not specifically deny his signature is on the note in question. R. C. 1303.36, subparagraph (A) provides in part: "Unless specifically denied in the pleadings, each signature on an instrument is admitted." In the absence of such specific denial the signature stands admitted and is not in issue.

The defendant admitted on cross-examination that he did sign a note in June or July 1965, in the sum of $1,200, and the plaintiff testified the note was delivered to him by

the defendant on July 2, 1965, and that no payments have been made on that note.

This Court is not called upon to determine whether the defendant has a defense to the plaintiff's action. The issue before us is whether the plaintiff established a prima facie case on the note.

R. C. 1303.36, subparagraph (B) reads as follows: "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

In the instant case, the trial court was required to construe the evidence presented by the plaintiff most favorably to the plaintiff when it considered the motion for a directed verdict in favor of the defendant at the close of the plaintiff's evidence.

Having carefully considered the entire record herein, we are compelled to determine that plaintiff did present a prima facie case and that the trial court erred in directing a verdict in favor of the defendant at the close of plaintiff's evidence.

Accordingly, the judgment of the Court of Common Pleas is reversed and this cause is remanded for further proceedings according to law.

*Judgment reversed.*

SHANNON, P. J. and HILDEBRANT, J., concur.