**UNITED STATES of America, Plaintiff,**

v.

**COUNTRY KETTLE, INC., d/b/a Aunt Myra's Original Seasoning; Gary J. Kershner; Michael R. Falley and Linda Falley, husband and wife; Robert M. Gaither and Susan B. Gaither, husband and wife; Fred W. Rausch and Shirley Rausch, husband and wife; and Dwight J. Martinek and Beverly J. Martinek, husband and wife, Defendants.**

**Civ. A. No. 89–4027–S.**

United States District Court, D. Kansas.

May 18, 1990.

Benjamin L. Burgess, Jr., U.S. Atty., D. Brad Bailey, Topeka, Kan., for plaintiff.

Kenneth F. Crockett, Topeka, Kan., for defendants.

Dale L. Somers, Davis, Wright, Unrein, Hummer & McCallister, Topeka, Kansas, for Michael and Linda Falley.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion for partial summary judgment against all defendants herein, except Dwight J. Martinek and Beverly J. Martinek.[1]

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "[A] party opposing a properly supported motion for summary judgment may note rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues, and must consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

---

1. Service of process has not yet been made upon the Martineks. These defendants will be treated in a separate order of the court.

For purposes of plaintiff's motion, the court finds the following facts to be uncontroverted. On or about April 8, 1986, defendant corporation, Country Kettle, Inc., d/b/a Aunt Myra's Original Seasoning, for value received, executed and delivered a promissory note in the principal sum of $300,000.00 payable to Columbia National Bank and Trust Company, together with interest in the amount stated therein. On or about April 8, 1986, as part and parcel of the same contract and transaction, defendants Gary J. Kershner, Michael and Linda Falley, Robert and Susan Gaither, Fred and Shirley Rausch and Dwight J. and Beverly J. Martinek, executed and delivered their personal, unconditional guaranties of said note to Columbian National Bank and Trust Company. In portions of her deposition attached to her response to plaintiff's summary judgment motion, Linda Falley denies executing a guaranty.[2]

On or about June 17, 1988, Columbian National Bank and Trust Company assigned all its right, title and interest to the note and guaranties to SBA, the present owner and holder of same. Defendants are in default of their obligations under the note and guaranties and SBA has exercised its option under the note and guaranties to declare the whole balance due and owing, and so notified defendants by certified mail, return receipt requested. By certified letter dated August 16, 1988, the individual defendants were notified that the note was in default and that the entire unpaid balance was due and payable. By certified letter dated January 10, 1989, the corporate debtor, Country Kettle, Inc., d/b/a Aunt Myra's Original Seasoning, was notified of the default and that the entire unpaid balance was due and payable. Although plaintiff has demanded payment, defendants have refused to make payment. There is now due and owing on the note the principal sum of $218,240.20, plus accrued interest of $43,065.07, from February 11, 1988, to December 11, 1989, for a total sum

of $261,305.27, after crediting the defendants' account for all off-sets and payments, if any. Interest continues to accrue on the principal balance at the rate of 10¾ per cent per annum, or $64.28 per diem, until the date of judgment.

On February 1, 1989, plaintiff commenced this action seeking judgment against defendants, jointly and severally, for the principal sum of $218,240.20, plus accrued interest of $21,468.26 from February 11, 1988 to January 9, 1989, with interest continuing to accrue on the principal balance at a rate of 10¾ per cent per annum from January 9, 1989, to the date of judgment, plus interest at the statutory rate from the date of judgment to the date of satisfaction, and all appropriate costs and fees. All defendants except the Martineks have been served and have answered.

Because no genuine issues of material fact exist, the court finds that plaintiff's motion for summary judgment against defendants Country Kettle, Inc., d/b/a Aunt Myra's Original Seasoning, Gary J. Kershner, Fred and Shirley Rausch, and Robert and Susan Gaither should be granted. The court finds that the guaranty agreement signed by defendants is unambiguous, reciting that each of the undersigned unconditionally guarantees payment of the $300,000.00 principal, plus interest, in accordance with the terms stated therein.

The court has also reviewed the deposition of Michael Falley submitted by plaintiff in support of its motion. In the deposition, Falley admits the clear meaning of the guaranty on its face, but asserts that he thought that his liability on the guaranty would be limited to a pro rata share of repayment of the note. Under generally accepted contract principles, given the objective manifestation of assent to the guaranty presented by Falley's signature, Falley's mistaken understanding does not prevent formation of this contract of

**2.** Because the response of defendants Country Kettle, Inc., Gary J. Kershner, Fred and Shirley Rausch and Robert and Susan Gaither does not comply with local rule requirements, the facts alleged by plaintiff will be deemed admitted.

D.Kan. 206(c) (facts which are not specifically controverted, with references to the portions of the record upon which the opposing party relies, are deemed admitted).

guaranty. *See* Restatement (Second) of Contracts § 20; *see, e.g., Squires v. Woodbury,* 5 Kan.App.2d 596, 621 P.2d 443, 446 (1980) (stating that one who signs a written contract is bound by its terms, in absence of fraud, undue influence, or mutual mistake as to its contents, regardless of a person's failure to read and understand its terms). Further, a unilateral mistake does not provide a basis for admission of parol evidence to vary the terms of what is clearly intended as a completed integrated statement of the parties' guaranty agreement. *See* Restatement (Second) of Contracts § 155. Therefore, since Michael Falley has not presented any legally viable factual issues, plaintiff's motion for summary judgment against Michael Falley must be granted.

■ With regard to Linda Falley, the court finds that she has waived the defense of non-signature, K.S.A. 84–3–401, by failing to assert a specific denial in her answer, as required by K.S.A. 84–3–307. Although Linda Falley argues that the general denial contained in paragraph 1 of her answer should be sufficient, the court finds that the statute clearly states that "unless specifically denied in the pleadings, each signature on an instrument is admitted." K.S.A. 84–3–307. Further, although the court has not located a Kansas case discussing this issue, courts in other jurisdictions have interpreted this uniform section to require a specific denial of the validity of the signature, with a general denial having the legal effect of admitting the signature. *See ˜Ferris v. Nichols,* 245 So.2d 660, 661 (Fla.Ct.App.1971); *Wildfang Miller Motors, Inc. v. Rath,* 198 N.W.2d 210, 211 (N.D.1972); *Bentz v. Mullins,* 24 Ohio App. 2d 137, 265 N.E.2d 317, 319 (1970); *Farmers & Merchants State Bank v. Mann,* 87 S.D. 90, 203 N.W.2d 173, 174–75 (1973). Therefore, because no genuine issues of material fact remain, plaintiff's motion for summary judgment against Linda Falley will also be granted.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for summary judgment against Country Kettle, Inc., d/b/a Aunt Myra's Original Season-

ing, Gary J. Kershner, Michael R. Falley and Linda Falley, Robert M. Gaither and Susan B. Gaither, Fred W. Rausch and Shirley Rausch is hereby granted.