921 F.2d 497
 13 UCC Rep.Serv.2d 799
 INGERSOLL-RAND FINANCIAL CORPORATION, a Delaware Corporation
v.
Larry R. ANDERSON et als.; Deborah S. Anderson; Beacon
Management, Inc.; Donald L. Brown, M.D.; Nikolas M. Brush;
Leroy Burch; Carl R. Burgreen; Timothy J. Fallon;
Invesco; John C. Lude; Otis R. Mann, Jr.; Eugene L.
Matan; Patrick J. McGrath; Gerald M. Penn, M.D.; Raab &
Reger Assoc.; John B. Ruhlin; Peggy M. Ruhlin, and R. Dale
Smith; George Matheson; Elrod & Thompson, P.C.
ELROD & THOMPSON, P.C., Third Party Plaintiff,
v.
Richard J. WHALEY, Third Party Defendant.
Appeal of Leroy BURCH.
 No. 90-5302.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 10, 1990.
Decided Dec. 17, 1990.
 
 Gary L. Herfel (argued), Dinsmore & Shohl, Florence, Ky., Dennis F. Gleason, Lowenstein, Sandler, Kohl, Fisher & Boylan, Roseland, N.J., for Leroy Burch, appellant.
 Joseph L. Cook (argued), Mitchell B. Seidman, Ravin, Sarasohn, Cook, Baumgarten, Fisch & Baime, Roseland, N.J., for Ingersoll-Rand Financial Corp., appellee.
 Before MANSMANN, ALITO and GARTH, Circuit Judges.
 OPINION OF THE COURT
 GARTH, Circuit Judge:
 
 
 1
 This appeal arises from the grant of summary judgment in favor of plaintiff-appellee Ingersoll-Rand Financial Corporation ("IRFC"), which sought payment on a promissory note allegedly signed by defendant-appellant Leroy Burch in connection with an investment in a limited partnership known as Beacon Properties Ltd. IV-85 ("Beacon IV").[1] IRFC claims it is a holder in due course of the note and is therefore entitled to payment from Burch.
 
 
 2
 * The district court's subject matter jurisdiction was based on diversity of citizenship, pursuant to 28 U.S.C. Sec. 1332. Under 28 U.S.C. Sec. 1291, we have appellate jurisdiction to review the district court's final order.
 
 
 3
 Our review of the district court's grant of summary judgment for IRFC is plenary. Pennsylvania Power Co. v. Local Union No. 272, 886 F.2d 46 (3rd Cir.1989). "On review, the appellate court is required to apply the same test the district court should have utilized initially." Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3rd Cir.1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).
 
 
 4
 Among other questions which we must answer is whether the district court has complied fully with summary judgment procedure as prescribed by Fed.R.Civ.P. 56(c). The underlying complex of facts casts Burch's denial of liability in an unsympathetic light. Our standard of review, as just stated, however, is plenary, and although we can fully appreciate the reasons why the district court granted summary judgment to IRFC, we must nonetheless reverse and remand this proceeding to the district court because the record at this stage, due to a dispute of material fact, cannot be the basis for an order of summary judgment in favor of IRFC.
 
 II
 
 5
 This diversity action was brought in the U.S. District Court for the District of New Jersey, and the parties do not dispute that New Jersey law applies. Uniform Commercial Code Sec. 3-307, as enacted in New Jersey at N.J.Stat.Ann. Sec. 12A:3-307, provides: "Unless specifically denied in the pleadings each signature on an instrument is admitted." U.C.C. Comment 1 adds: "In the absence of such specific denial the signature stands admitted, and is not in issue." Relying on this statute, the district court held that Burch could not challenge the authenticity of his signature because he had not put his signature in issue at the time he filed his answer. The district court granted IRFC's motion for summary judgment and awarded IRFC $81,003.42 plus interest and costs. Burch's cross-motion for summary judgment was denied.
 
 
 6
 In its opinion, the district court found that "Burch has not presented any evidence, other than conclusory assertions of forgery, concerning the validity of [his] signature. Most importantly, he specifically admitted executing the note in his answer and in his response to various interrogatories." District Court Opinion at 20. The district court concluded that Burch's arguments were "legally unpersuasive and, at best, factually suspect." Id. at 19.
 
 
 7
 The district court's determination that Burch did not put his signature in issue in his pleadings involved an interpretation or application of the legal precept embodied in N.J.Stat.Ann. Sec. 12A:3-307. It is not an evidentiary, or "basic," fact, see Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 102 (3rd Cir.1981), since it does not involve an issue such as historical fact or credibility of witnesses on which we defer, absent clear error, to the findings of the district court. Rather, the issue is what legal significance derives from the wording of the pleadings. We have held that "interpretation of a writing is generally a question of law for the court." Barco Urban Renewal Corp. v. Housing Authority, 674 F.2d 1001, 1008 (3rd Cir.1982).[2] Hence, we must review de novo the question as to whether Burch put his signature in issue.
 
 III
 
 8
 In a one-time meeting with his old college friend Patrick McGrath, Leroy Burch agreed to invest in a limited partnership, Beacon Properties Ltd. IV-85. McGrath then presented Burch with one or more documents for Burch's signature. Burch retained no copies of the papers he signed. One of the documents Burch admits signing was a promissory note. IRFC claims that Beacon IV endorsed this note to IRFC, and that IRFC is now a holder in due course of the note.
 
 
 9
 Burch was one of several investors in Beacon IV from whom IRFC sought to collect in this action. IRFC's complaint, filed February 10, 1987, alleged that Burch was the maker of a note to Beacon IV, which note had been endorsed to IRFC. Burch answered on June 30, 1987 admitting that he had signed a note, but later disputed that the note attached to IRFC's complaint was the note he signed.
 
 
 10
 On September 15, 1989, IRFC filed a motion for summary judgment against all the investor-defendants, including Burch. To this motion IRFC appended copies of a "Negotiable Promissory Note," an "Assumption Agreement" and an "Acknowledgment and Agreement" purportedly signed by Burch. Burch opposed the summary judgment motion by affidavit swearing that he did not in fact sign any of the documents produced by IRFC.
 
 
 11
 Burch claims that while he did sign a promissory note in connection with Beacon IV, the note produced by IRFC in this action is not the note he signed, nor did he authorize anyone to sign it for him. Burch concedes that he made three payments under a promissory note directly to IRFC, and that he took a tax deduction for the loss on his Beacon IV investment. He claims, however, that the signature on the note produced by IRFC in its summary judgment motion is a forgery. Burch further claims that each of the other documents that IRFC presented to the district court in connection with the alleged Burch note, and which IRFC claimed was enforceable against him, was an unauthorized forgery of his signature.
 
 
 12
 Burch draws our attention to the apparent differences in appearance between the signatures on the documents presented by IRFC and Burch's signature on his own two sworn affidavits. IRFC has not commented on this apparent difference, except to suggest in its brief that the documents may have been executed by another acting on Burch's behalf and with Burch's consent. Yet IRFC offers no sworn testimony or affidavit sufficient to support such a suggestion--a suggestion which Burch in his affidavits flatly denies. IRFC never asked Burch to authenticate any documents or to admit to his signature. Nor did IRFC ever depose McGrath.[3] Burch also points out that none of his purported signatures subject to dispute bears any notation or qualification that the signing was done by another on Burch's behalf. He emphasizes that IRFC has never produced any sworn evidence, by affidavit or otherwise, controverting his claim of forgery.
 
 IV
 A.
 
 13
 As noted, the parties do not dispute that New Jersey law applies to this case. Under N.J.Stat.Ann. Sec. 12A:3-307, the burden of establishing signatures has been allocated as follows:
 
 
 14
 (1) Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue
 
 
 15
 (a) the burden of establishing it is on the party claiming under the signature; but
 
 
 16
 (b) the signature is presumed to be genuine or authorized....
 
 
 17
 The first question, then, is whether Burch specifically denied in the pleadings his signature on the Beacon IV note. Unless he did so, he cannot shift the burden onto IRFC to establish that his signature is genuine.
 
 
 18
 Burch's pleadings (i.e. his answer to IRFC's complaint, to which IRFC had attached a form note), when read literally, cannot be taken as an admission of his signature on the particular note presented by IRFC. Moreover, when Burch was presented with the note attached to IRFC's summary judgment motion and purportedly bearing his signature, Burch unequivocally stated that the signature on the note was a forgery. His answer and affidavits, therefore, have the effect of shifting onto IRFC the burden of proving his signature genuine. Burch's pleadings, to be sure, could well have given the impression that Burch was admitting the note. A close examination, however, bears out Burch's contention that all he admitted was signing some promissory note, but not the note attached to IRFC's complaint.
 
 IRFC's Complaint, at p 5, alleges that:
 
 19
 Prior to February 25, 1985 each of the defendants separately made promissory notes in the form indicated on Exhibit "B". Each of the aforesaid notes was payable to Beacon Properties IV-85, Ltd.
 
 Burch's Answer, at p 5, states:
 
 20
 In response to the allegations in paragraph 5, Defendant Burch admits that he made a promissory note payable to Beacon Properties IV-85 Ltd. With respect to the remainder of the allegations in paragraph 5, Defendant Burch alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations.
 
 
 21
 This answer admits only that Burch signed a note, not that he signed the particular note affixed to IRFC's complaint. Indeed, Burch's answer also denies that the note he signed (which he claims has yet to be presented) was in the form of IRFC's Exhibit B.
 
 
 22
 The second sentence of Burch's answer to IRFC's allegations in p 5 is in the form of a denial of sufficient knowledge or information, rather than a flat statement denying the allegations. Since IRFC's action was brought in federal court, the Federal Rules of Civil Procedure govern the sufficiency of pleadings. See Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Fed.R.Civ.P. 8(b) states:
 
 
 23
 If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial.
 
 
 24
 Thus, Burch has effectively denied all the allegations in p 5 of the complaint except the one he admitted--that he signed some promissory note payable to Beacon IV.[4] In particular, as we have noted, Burch's pleadings deny that the promissory note he signed is in the form claimed by IRFC in its Exhibit B. Since the content of the note is crucial to IRFC's claim under it, Burch's denial shifts the burden onto IRFC to establish his signature on the document produced. Although IRFC now has the benefit of the presumption in N.J.Stat.Ann. Sec. 12A:3-307(1)(b)[5] that the signature is genuine, this presumption cannot, on a summary judgment motion, overcome Burch's affidavits that deny his signature.
 
 
 25
 IRFC also contends that Burch's answer to an interrogatory propounded to him concedes that IRFC is the holder of Burch's note. IRFC's Interrogatory No. 8 stated:
 
 
 26
 (A) If defendant denies any fact set forth in Paragraph 8 of the Complaint [claiming that IRFC is a holder in due course of each investor-defendant's note], set forth in detail each and every fact known to defendant upon which the denial is based....
 
 
 27
 (J) Identify and annex hereto true copies of all documents which contain, relate to or refer to any fact given in response to the within Interrogatory.
 
 
 28
 Burch's response to the interrogatory was: "See the note and other papers signed by Mr. Burch, copies of which Plaintiff already has." Again, however, we observe that Burch's answer cannot be taken as an admission that the note and the accompanying documents produced at the summary judgment motion are the ones signed by Burch.
 
 
 29
 We therefore hold that Burch's denial of his signature on the note under which IRFC claims, and which was attached as part of IRFC's summary judgment motion, put in issue a material fact. Indeed, IRFC does not claim in affidavit, nor does it unequivocally maintain in its brief, that the signatures on the Burch documents are in fact those of Burch.
 
 
 30
 Under Fed.R.Civ.P. 56(c), summary judgment may be granted only
 
 
 31
 if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
 
 
 32
 A party opposing a summary judgment motion need only "make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1985). Burch has met this burden through his affidavits. His sworn and uncontroverted affidavits create a genuine issue of material fact that has yet to be resolved. Establishing the fact of Burch's genuine signature is essential to IRFC's claimed status as a holder in due course of a valid note. "Any 'unexplained gaps' in materials submitted by the moving party [here, the absence of Burch's clearly valid signature], if pertinent to material issues of fact, justify denial of a motion for summary judgment." O'Donnell v. United States, 891 F.2d 1079, 1082 (3rd Cir.1989).
 
 B.
 
 33
 IRFC has alternatively argued that it should prevail under the doctrine of ratification in the Uniform Commercial Code. Unauthorized signatures may subsequently be ratified, and thereby made operative and effective, by the person whose name was signed. See N.J.Stat.Ann. Sec. 12A:3-404.[6] This doctrine, however, cannot provide relief to IRFC in the instant case.
 
 
 34
 IRFC argues that, even assuming the signature on the note was unauthorized, Burch subsequently ratified it by making three payments under the note and by electing to use tax benefits from the investment transaction. Burch correctly responds that under the theory of ratification, IRFC must establish: (1) that at the time of the ratification, Burch had full knowledge of all material facts, and (2) that Burch expressed his intent to ratify the unauthorized act or transaction.
 
 
 35
 Burch's answer finds support in the holding of the New Jersey Supreme Court in Thermo Contracting Corp. v. Bank of New Jersey, 69 N.J. 352, 354 A.2d 291, 296 (1976) ("Ratification requires intent to ratify plus full knowledge of all the material facts.") Although Thermo also holds that ratification may be implied rather than express, and that "intent may be inferred from the failure to repudiate an unauthorized act," id.,[7] Burch states that he repudiated the alleged forgery as soon as he learned of it. Burch's denial creates a genuine issue of material fact as to whether his intent to ratify should be inferred from his conduct (making payments in the precise amounts and precisely in accordance with the payment schedule set out in the note that he now claims contains a forged and unauthorized signature[8] and taking tax deductions based on the note) or whether his denial should be believed. Burch's denial, even if "factually suspect," as the district court stated, precluded summary judgment.
 
 
 36
 IRFC further argues that Burch substantially contributed to the making of the allegedly unauthorized signature on Burch's note, within the meaning of N.J.Stat.Ann. Sec. 12A:3-406. Under Sec. 12A:3-406, one who negligently contributes to the making of an unauthorized signature is precluded from asserting the lack of authority against a holder in due course. IRFC claims that by authorizing the general partners of Beacon IV to perform various acts on Burch's behalf, and by authorizing them to enter into the loan transaction with IRFC, Burch contributed to the making of the allegedly unauthorized signature on his note.
 
 
 37
 Once again, IRFC's argument fails, because the alleged authorization is evidenced only by the documents appended to IRFC's motion for summary judgment,[9] and these documents themselves are challenged as forgeries by Burch. Thus, whether or not Burch's signature on the promissory note (or other documents) was authorized or ratified remains a disputed question of material fact for resolution by the district court.
 
 
 38
 In light of Burch's admission that he made three installment payments on a promissory note in the exact amounts required by the note under which IRFC claims, and that he took advantage of his investment loss through deductions on his federal tax returns, we can understand the district court's inclination to rule in favor of IRFC. These acts on Burch's part, however, would at most bear on, but cannot ultimately resolve, the issue of ratification or affirmation of the note, which we have discussed above. Nor can they support IRFC's present contention that it is a holder in due course of that note.
 
 
 39
 Indeed, under New Jersey law, when a negotiable instrument is claimed to be a forgery, until such time as its status as a genuine instrument is established, even a holder in due course takes subject to the forgery defense. See New Jersey Study Comment 1 on N.J.Stat.Ann. Sec. 12A:3-305 ("Forgery is a real defense. This means that if the maker's name is forged to an instrument he cannot be held liable on it, in the absence of estoppel, even though the instrument is transferred to a bona fide purchaser for value.")
 
 C.
 
 40
 IRFC argues that even if it does not in fact presently hold the documents, including Burch's note, which reflect Burch's investment obligation, it is nevertheless the true owner of those documents. IRFC therefore argues that those documents should be treated as lost instruments under N.J.Stat.Ann. Sec. 12A:3-804, and accordingly that IRFC should be treated as their true owner.
 
 N.J.Stat.Ann. Sec. 12A:3-804 provides:
 
 41
 The owner of an instrument which is lost, whether by destruction, theft or otherwise, may maintain an action in his own name and recover from any party liable thereon upon due proof of his ownership, the facts which prevent his production of the instrument and its terms.
 
 
 42
 The Uniform Commercial Code Comment to this section clarifies that:
 
 
 43
 The plaintiff who claims to be the owner of such an instrument is not a holder as that term is defined in this Act, since he is not in possession of the paper, and he does not have the holder's prima facie right to recover under the section on the burden of establishing signatures. He must prove his case. He must establish the terms of the instrument and his ownership, and must account for its absence.
 
 
 44
 (Emphasis added.)
 
 
 45
 Through Burch's admissions, IRFC has established that a note exists, and that Burch is liable on that note. IRFC's only evidence of the terms of the note, however, are the terms found in the note attached to its summary judgment motion, which Burch contends is forged. Given Burch's assertion of forgery, IRFC has not established through competent evidence the terms of the note. Moreover, IRFC has not adequately accounted for the absence of the real note, even if it were to concede (which it declined to do at oral argument) that the note it presented for collection was a forgery. Because the terms of the valid Burch note and the explanation for its absence are matters of fact which have yet to be established (and, at least insofar as the terms of the note are concerned, have been disputed by Burch), IRFC is not entitled to summary judgment on the lost instruments theory. It may well be that IRFC can still prove the necessary elements to recover from Burch as the owner of these instruments, but such proofs will have to be adduced before the district court. This court is not a factfinding tribunal. See Chalfant v. Wilmington Institute, 574 F.2d 739, 747 (3rd Cir.1978) (Garth, J., dissenting).
 
 V
 
 46
 Because Burch's pleadings, when closely read, deny the validity of the note attached to IRFC's complaint, and because Burch's affidavits specifically deny the validity of his signature as it appears on the documents attached to IRFC's summary judgment motion, we cannot agree with the district court that Burch is estopped from challenging IRFC's claim under Burch's Beacon IV note. We observe that the district court's ruling in favor of IRFC was limited to the estoppel issue. See District Court Opinion at 19-20.
 
 
 47
 Whether, on remand, IRFC can prove Burch's signature on the documents which it possesses, or whether IRFC can carry its burden of demonstrating those facts which it must establish for a judgment in its favor based on the lost, destroyed or stolen instruments provision of N.J.Stat.Ann. Sec. 12A:3-804, or whether IRFC can prove ratification, or whether IRFC can prove a right to recover against Burch under a classic contract theory,[10] are matters which we cannot and do not predict.
 
 
 48
 IRFC will have the opportunity, if it desires, to raise before the district court any of the theories under which it claims and which it advanced before us, or which it may still advance, and which may afford it relief. Nothing we have said herein will preclude IRFC from again seeking a summary disposition if it is appropriate and warranted after remand. We are unable, however, to sustain a summary judgment in IRFC's favor when a material dispute has developed as to the one document--Burch's note--on which IRFC's claim here is predicated.
 
 
 49
 We will therefore reverse the district court's order granting IRFC's motion for summary judgment,[11] and remand to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 The proceeding involved several investor-defendants. Burch was the only appellant, so we do not address issues involving the other investor-defendants
 
 
 [2]
 While a party's intent has been held to be a factual issue subject to review only for clear error, see Pullman-Standard v. Swint, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982), the issue here is not factual in the same sense. Here, the question is whether the undisputed language of the pleadings, together with the undisputed chronology of the litigation, require a determination that Burch failed to put his signature in issue. The resolution of this question is a legal conclusion subject to de novo review by this court
 
 
 [3]
 IRFC, in its brief, asserts that it would be prejudiced by a ruling which permits Burch to contest his signature since McGrath, the person responsible for selling Burch his investment in Beacon IV and obtaining Burch's signature on the operative documents, was incarcerated in a known location during the better part of the 2- 1/2 year period during which this case was in court, but was released on or about March 1, 1989 and his whereabouts became unknown to IRFC at that time. IRFC argues that it would have obtained McGrath's deposition if it had known at an earlier date that Burch would contest the signatures. IRFC does not claim, however, that it has ever attempted to find McGrath
 
 
 [4]
 Comment 1 to U.C.C. Sec. 3-307 states:
 Where local rules of pleading permit, the denial may be on information and belief, or it may be a denial of knowledge or information sufficient to form a belief.
 Fed.R.Civ.P. 8(b) permits a denial in this form, so Burch's denial of knowledge sufficient to form a belief suffices to constitute a denial of IRFC's allegations under Sec. 3-307 as well as under Rule 8(b).
 
 
 [5]
 Section 3-307(1)(b) provides:
 When the effectiveness of a signature is put in issue (a) the burden of establishing it is on the party claiming under the signature; but (b) the signature is presumed to be genuine or authorized....
 
 
 [6]
 N.J.Stat.Ann. Sec. 12A:3-404 provides:
 (1) Any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it.... (2) Any unauthorized signature may be ratified for all purposes of this Chapter.
 
 
 [7]
 See also Stella v. Dean Witter Reynolds, 241 N.J.Super. 55, 574 A.2d 468, 473-74 (App.Div.1990)
 
 
 [8]
 The payment schedule on the allegedly forged note and the payments made by Burch compare as follows (Joint Appendix at 421a, 567a-69a):
 Payments due on allegedly forged note Payments made by Burch
June 30, 1985 $13,016 June 27, 1985 $13,016
Dec. 31, 1985 12,443 Dec. 29, 1985 12,443
June 30, 1986 6,618 July 2, 1986 6,618
 
 
 [9]
 As noted above, IRFC appended to its motion for summary judgment copies of a "Negotiable Promissory Note," an "Assumption Agreement" and an "Acknowledgment and Agreement" purportedly signed by Burch. If valid, these documents would have authorized Beacon IV to sign or endorse Burch's note to IRFC
 
 
 [10]
 At oral argument, counsel for IRFC implied that IRFC could assert a contract claim against Burch predicated on his "promise to pay"--a promise presumably to be construed from the complex of documents IRFC has in its possession
 
 
 [11]
 In its order of March 15, 1990, the district court also denied Burch's cross-motion for summary judgment. Although Burch appeals this aspect of the district court's ruling as well, we may not entertain such a claim for want of appellate jurisdiction. See 28 U.S.C. Sec. 1291; Ryan v. Comm'r of Internal Revenue, 680 F.2d 324, 326 (3rd Cir.1982)
 We also note that Burch's appeal of the district court's award of attorney's fees is rendered moot by our present disposition.