DRYDEN et al., Appellees,

v.

DRYDEN, Appellant, et al.

[Cite as *Dryden v. Dryden* (1993), 86 Ohio App.3d 707.]

Court of Appeals of Ohio,
Adams County.

No. 92 CA 533.

Decided March 16, 1993.

708

*David D. Wilson,* for appellees.

*Daniel J. O'Brien,* for appellant.[1]

---

STEPHENSON, Judge.

This is an appeal from a summary judgment entered by the Adams County Court of Common Pleas in favor of Harold and Jean Dryden, plaintiffs below and appellees herein. Karen D. Dryden, defendant below and appellant herein, assigns the following errors for our review:

"1. The court erred in granting Summary Judgment to the Plaintiffs herein in view of the fact that the Defendant herein had denied specifically and continues to categorically deny that that is her signature on the exhibit attached to the Complaint herein.

"2. The court erred in granting Summary Judgment in the face of factual evidence that the cognovit note, Exhibit 'A' to the Complaint, was insufficient factually and legally so as to permit Summary Judgment on the same."

A review of the record reveals the following facts pertinent to this appeal. Appellees are the parents of defendant Larry Dryden. On March 13, 1991, appellees filed a complaint which averred that on or about November 10, 1978, defendants Karen and Larry Dryden executed and delivered to them a promissory note in the amount of $20,000, plus eight percent interest per year, payable in one year from the date thereof. The complaint further avers that no payments have been made on the principal or interest. Appellees demanded judgment against appellant and Larry Dryden in the amount of $20,000, plus interest at the rate of eight percent from November 10, 1978.

Appellant filed her answer on March 25, 1991. In her answer, appellant denied each and every allegation of the complaint. Appellant also raised several defenses, including laches, and included a cross-claim against co-defendant Larry Dryden. The cross-claim states that Larry Dryden represented to appellant that

---

1. Appellant was represented by other counsel below.

the amounts received were to be a gift and would not have to be repaid, and that appellant justifiably relied on this representation to her detriment.

On April 17, 1991, defendant Larry Dryden filed his answer, denying the allegations in the complaint and setting forth several affirmative defenses. On that same date, Larry Dryden also filed his answer to appellant's cross-claim, denying that the money was to be a gift from his parents and that he had represented to appellant that the money was to be a gift.

Appellant filed interrogatories to appellees on May 9, 1991, which they answered June 14, 1991. Appellees filed their request for admissions under Civ.R. 36 on June 26, 1991, which appellant answered on September 25, 1991, and defendant Larry Dryden answered on September 9, 1991.

Appellees filed a motion for summary judgment on October 17, 1991, supported by the affidavits of Harold and Jean Dryden. Appellant filed a memorandum in opposition to appellees' motion for summary judgment, stating that "[t]he pleadings set forth herein to date most certainly indicate a material issue of fact, and that is whether or not the promissory note as set forth by plaintiff[s] was in fact executed by defendants * * *." Appellees, in turn, filed a reply memorandum on November 1, 1991. On March 13, 1992, the court granted summary judgment in favor of appellees. Appellant filed a timely notice of appeal.

█ In her first assignment of error, appellant maintains the court erred in granting summary judgment because there remains a genuine issue of material fact, to wit: whether appellant signed the promissory note. Appellant states in support of her argument that she denied she had signed the promissory note both in her answer and in her response to request for admissions.

The granting or denial of a motion for summary judgment is governed by Civ.R. 56, which reads in pertinent part as follows:

"(C) Motion and Proceedings Thereon. * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

Summary judgment is appropriate when the following have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is

entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in their favor. Civ.R. 56(C); *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 524 N.E.2d 881. The burden of showing that no genuine issue exists as to any material fact falls upon the party moving for summary judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801.

While the parties do not include in their briefs a discussion of applicable law, such a discussion is helpful in our resolution of the case at bar. Examination of the note in the case at bar reveals that the note is non-negotiable, as it is not payable to order or bearer.[2] R.C. 1303.03(A)(4). However, R.C. 1303.01 to 1303.78 remain applicable to the instrument. R.C. 1303.78 and Official Comment thereto. Pursuant to R.C. 1303.49(A), the maker of a note engages that he will pay the instrument according to its tenor at the time of his engagement. Generally, the holder of a negotiable instrument (or, as in the case *sub judice,* an instrument governed by the same principles as negotiable instruments) establishes a *prima facie* case for payment on a note where the note is placed in evidence and the makers' signature(s) is (are) admitted. R.C. 1303.36(B). However, no person is liable on an instrument unless his signature appears thereon, R.C. 1303.37(A), and any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it. R.C. 1303.40.

R.C. 1303.36 provides, in pertinent part, as follows:

"(A) Unless specifically denied in the pleadings, each signature on an instrument is admitted. When the effectiveness of a signature is put in issue:

"(1) the burden of establishing it is on the party claiming under the signature; but

"(2) the signature is presumed to be genuine or authorized * * *.

"(B) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

Thus, it is initially presumed that all signatures are valid. If the defendant in his pleadings specifically denies the validity of his signature, the plaintiff has the

---

2. Examination of the note further reveals that it contains a warrant of attorney to confess judgment. In other words, it is a cognovit note. This fact is important to our resolution of appellant's second assignment of error, *infra.*

burden of establishing by a preponderance of the evidence the fact of genuineness. 6 Anderson, Uniform Commercial Code (3 Ed. 1984) 74, Section 3–307:12; *Bates & Springer, Inc. v. Stallworth* (1978), 56 Ohio App.2d 223, 10 O.O.3d 227, 382 N.E.2d 1179. A "specific denial" has been defined as "a statement that denies a particular fact and then states what actually occurred." Anderson, *supra*, at 80–81, Section 3–307:23. In view of the general admonition of R.C. 1301.06 that remedies are to be liberally construed, a court should interpret the requirement of a specific denial to require only that the defendant deny the signature as specifically as possible. Anderson, *supra*, at 81. However, an answer which denies "each and every allegation" of a plaintiff's complaint, without more, is not a specific denial of the genuineness of the defendant's signature and is therefore an admission for the purpose of R.C. 1303.36. Anderson, *supra*, at 81, Section 3–307:24. See, also, *Bentz v. Mullins* (1970), 24 Ohio App.2d 137, 53 O.O.2d 344, 265 N.E.2d 317; *Ferris v. Nichols* (Fla.App.1971), 245 So.2d 660; *Ingersoll–Rand Financial Corp. v. Anderson* (C.A.3, 1990), 921 F.2d 497.

■ Appellees are aided by the presumption that the signature is genuine or authorized. R.C. 1303.36(A)(2). This means that until some evidence is introduced which would support a finding that the signature is forged or unauthorized, a plaintiff is not required to prove its authenticity. See R.C. 1303.36, Official Comment 1.

In *Bates & Springer, supra,* the court addressed the question of the strength of the evidentiary showing required of the party denying the effectiveness of a signature. The court stated:

"We conclude R.C. 1303.36(A) requires that in order to rebut the presumption of the signature's authenticity the party denying the signature must introduce evidence to support his denial which if believed would be sufficient to permit the trier of fact to make a finding in his favor. This is not to say that to overcome the presumption such party must introduce evidence sufficient to entitle him to a directed verdict. The interpretation we place on the statute does not produce an evidentiary standard markedly different from existing Ohio law generally on the quantum of evidence necessary to overcome a rebuttable presumption.

"To illustrate, if the party seeking to recover on an instrument places it in evidence and the adverse party introduces no evidence to rebut the presumption of validity of the signature thereto, then the party claiming under the signature will prevail. If the adverse party merely makes a general denial at trial as to the signature's validity but fails to introduce any other evidence to rebut the presumption of authenticity which attaches to the signature, then the party claiming under the signature will still prevail. However, if the party denying the signature's validity introduces evidence sufficient to overcome the rebuttable

presumption of validity, then the case will be decided upon all of the evidence introduced at trial with the burden of proof being upon the party claiming under the signature to establish its effectiveness by a preponderance of the evidence." (Citations omitted.) *Id.*, 56 Ohio App.2d at 233–234, 10 O.O.3d at 233, 382 N.E.2d at 1186–1187.

■ Having set forth the applicable principles of law, we now consider the evidence presented by the parties herein. In the case before us, appellant's answer contained a general denial, denying "each and every allegation of Plaintiffs' Complaint." This general denial was insufficient to put the effectiveness of appellant's signature in issue. Accordingly, production of the note entitled appellees to recover unless appellant established a defense. R.C. 1303.36(B).

In support of their motion for summary judgment, appellees filed identical affidavits which averred that: (1) Karen and Larry Dryden executed and delivered to them their (defendants') cognovit note dated November 10, 1978, for $20,000, plus interest at eight percent per annum, payable one year from the date of the execution of the note; (2) no payments have been received on said note; (3) the note was given for good and valuable consideration, in that plaintiffs furnished monies and materials to defendants in excess of $20,000 for the construction of their marital home; and (4) Larry Dryden is the son of the appellees and that appellees have other children and this was in no way considered as a gift, as other loans have been made to defendants, which defendants have repaid.

Appellant filed a memorandum in opposition to appellees' motion for summary judgment, but filed no supporting summary judgment materials. The memorandum states, in essence, that summary judgment is improper because there remains a material issue of fact as to whether appellant signed the note.

Appellees' answers to appellant's interrogatories are essentially consistent with their affidavits submitted in support of their motion for summary judgment. Appellant's answers to appellees' request for admissions establish that: (1) appellees furnished and paid for materials and labor used for the construction of the marital home of the defendants in the latter part of the 1970s and the early part of 1980, (2) appellant denies signing or executing any promissory note in the sum of $20,000 on or about November 10, 1978; and (3) that appellant has made no payments to appellees.

Construing all of the foregoing evidence most strongly in appellant's favor, as we must do under Civ.R. 56(C), we find that there is no genuine issue of material fact and that appellees are entitled to judgment as a matter of law. While there

may be an issue of fact as to whether appellant signed the note, it is not a *material* issue of fact, since appellant's general denial was insufficient to raise the issue of the genuineness of her signature, and her signature was thus admitted. Based upon the foregoing, appellant's first assignment of error is overruled.

■ In her second assignment of error, appellant contends the court erred in granting summary judgment because the note was legally invalid as it "failed to legally comply with the warning requirements." Presumably, appellant is referring to the requirement set forth in R.C. 2323.13(D), which reads as follows:

"A warrant of attorney to confess judgment contained in any promissory note, bond, security agreement, lease, contract, or other evidence of indebtedness executed on or after January 1, 1974, is invalid and the courts are without authority to render a judgment based upon such a warrant unless there appears on the instrument evidencing the indebtedness, directly above or below the space or spaces provided for the signature of the makers, or other person authorizing the confession, in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document:

" 'Warning—By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause.' "

Appellees argue that since they did not pursue a judgment under the cognovit portion of the note, but rather commenced the action as a normal civil action, the absence of the warning provision was of no consequence. We agree.

■ The plain language of the statute provides that the *warrant of attorney* to confess judgment is invalid when the warning is absent. Nothing in the statute provides or even implies that the note itself or the underlying debt which it represents are rendered invalid by the absence of the statutorily required warning. It would appear that appellees have taken the proper approach in commencing a normal civil action on the note. See *Szczyt v. S.J.W. Ent., Inc.* (Aug. 28, 1991), Lorain App. No. 90CA4919, unreported, 1991 WL 168592 (Although R.C. 2323.13[E] prohibits the use of cognovit notes in consumer transactions, the statute does not prohibit the collection of the underlying debt. R.C. 2323.13[E] requires such instruments to be enforced by the filing of a complaint as in an ordinary civil action.).

Based upon the foregoing, appellant's second assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

PETER B. ABELE, J., concurs.

HARSHA, P.J., concurs in judgment only.

HARSHA, Judge, concurring in judgment only.

While I agree that appellees were entitled to a presumption of the validity of appellant Karen Dryden's signature under R.C. 1303.36(A), I note that appellees were not content to rely on Karen Dryden's failure to specifically deny the genuineness of her signature "in the pleadings." Appellees propounded a request for admissions which asked if she executed the note. Her answer to the request for admissions denied doing so. Because the answers to the requests for admissions were not timely filed, the trial court did not have to consider them, *i.e.,* the requests were deemed admitted.

Civ.R. 56(C) indicates that the court shall consider "written admissions" in ruling on a summary judgment motion. I see no reason why denials to requests for admissions should not fall within that category of summary judgment evidence. See, *e.g.,* 6 Moore, Federal Practice (1988), Paragraph 56.11[6], at 56–144, stating that "[a] party may rely upon his answers to an adversary's request for admission, as well as upon the adversary's admissions, to support or oppose a motion for summary judgment." Where the movant is not content to rely on the presumption of R.C. 1303.36(A), but instead raises the factual issue of the authenticity of a signature by a request for admissions, an answer denying execution of the questioned document is sufficient to withstand summary judgment. I view this as being akin to proceeding to trial without objection on a claim or defense that has not been pled. Had the answers been timely filed, the presumption would have been rebutted and they would have to proceed to trial. Since that did not happen, I concur in judgment.