OPINION
{¶ 1} Defendant-appellant Dominic J. Maga appeals from a summary judgment rendered in favor of plaintiff-appellee Union Savings Bank. Maga contends that the trial court erred in granting Union Savings Bank's motion for summary judgment, because a genuine issue of material fact exists regarding whether his signature is on a note and mortgage, alleged by Union Savings Bank to have been executed and delivered by Maga to Midwest National Mortgage and subsequently assigned to Union Savings Bank. Maga contends that the trial court is required to consider his affidavit, attached to his response to Union Savings Bank's motion for summary judgment, in deciding whether to grant summary judgment, because opposing affidavits may be filed any time prior to the day of the hearing. We conclude that the trial court was not obligated to consider Maga's affidavit, because it was not filed before the court-ordered deadline for the submission of evidence, and there was no hearing date assigned in this case.
 {¶ 2} Maga further contends that summary judgment is inappropriate, because a genuine issue of material fact exists regarding his signature on the note and mortgage, based on his specific denial of the execution of the contracts in his answer. We conclude that Maga did not specifically deny the validity of his signature on the note and mortgage, and therefore did not overcome the presumption of validity of his signature on each instrument.
 {¶ 3} We conclude that there is no genuine issue of material fact regarding Maga having signed the note and mortgage. Accordingly, the trial court did not err in granting Union Savings Bank's motion for summary judgment.
 {¶ 4} Maga contends that the trial court's order rendering summary judgment in favor of Union Savings Bank denied him due process of law and his right to a jury trial, because there is a genuine issue of material fact. In view of our disposition of Maga's other assignments of error, in which we have found no genuine issue of material fact, these assignments of error are moot.
 {¶ 5} Accordingly, the judgment of the trial court is affirmed.
 I {¶ 6} In August, 2002, Union Savings Bank filed a complaint for foreclosure against several defendants, including Dominic J. Maga, alleging that Maga executed and delivered a note and mortgage to Midwest National Mortgage, which was subsequently assigned to Union Savings Bank. Union Savings Bank's complaint alleged that Maga defaulted on the note and that the default on the note gave rise to the remedy of foreclosure, based on the mortgage. In his answer, Maga denied the execution of the note and mortgage.
 {¶ 7} On April 30, 2003, Union Savings Bank filed a motion for summary judgment. On May 13, the trial court filed a notice setting May 21 as a filing deadline for responses to Union Savings Bank's motion for summary judgment and May 31 as a filing deadline for the movant's reply. The trial court further ordered that "opposing counsel file memorandum and attach affidavits and exhibits on or before the above time[.]" The trial court did not set a hearing date and ordered that "there will be no oralpresentation." (Underlining in original.) The trial court stated that it would make a ruling immediately thereafter.
 {¶ 8} On June 5, Maga filed his response, with an opposing affidavit attached. In his response, Maga averred that he "has seen no instrument bearing his bone fide signature making him a debtor." The next day, the trial court granted summary judgment in favor of Union Savings Bank. The trial court concluded, after reviewing all of the pleadings and the affidavit submitted by Union Savings Bank, that there is no genuine dispute that Maga executed and delivered the note and mortgage to Union Savings Bank. The trial court found that Maga defaulted on the note, and the trial court ordered foreclosure.
 {¶ 9} From the summary judgment rendered against him, Maga appeals.
 II {¶ 10} Maga's first, second, and third assignments of error are as follows:
 {¶ 11} "The court's findings were made upon review of all the pleadings and appelle/plaintiff's [sic] affidavit attached to his motion for summary judgment. this is in error when the record reflects that the court did not consider appellant/defendant's timely filed affidavit in opposition to appelle/plaintiff's [sic] motion for summary judgment."
 {¶ 12} "The record reflects that appellant/defendant was not served a copy of appellee/plaintiff's affidavit in support of his motion for summary judgment. after notice was given, the error was not corrected."
 {¶ 13} "Pursuant to the judgment entry and the record in this case, there are material issues of fact in dispute. as there are genuine material issues of fact in dispute appellee/plaintiff is not entitled to summary judgment relief as a matter of law."
 {¶ 14} In each of these assignments of error, Maga essentially contends that the trial court erred in granting Union Savings Bank's motion for summary judgment. We review the appropriateness of summary judgment de novo and follow the standards set forth in Civ.R. 56. Koos v. Cent. Ohio Cellular,Inc. (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. MentorSoccer Club, Inc., 82 Ohio St.3d 367, 1998-Ohio-389,696 N.E.2d 201, at ¶ 3, citation omitted.
 {¶ 15} Maga contends that summary judgment is inappropriate because a genuine issue of material fact exists regarding whether his signature is on the note and mortgage. He argues that his affidavit, in which he avers that he "has seen no instrument bearing his bone fide signature making him a debtor," creates a genuine issue of material fact. Maga contends that the trial court was required to consider his affidavit in deciding whether to grant summary judgment, because opposing affidavits may be filed any time prior to the day of the hearing.
 {¶ 16} Civ.R. 56(C) provides, in pertinent part, that "[t]he motion [for summary judgment] shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits. * * *"
 {¶ 17} "If the court does set a time for hearing, the trial court's notice of the hearing date also establishes the date by which the non-moving party must serve and file opposing affidavits.
 {¶ 18} "However, it is well settled that Civ.R. 56 does not require an oral hearing on every summary judgment motion, even where a party has formally requested such a hearing. In such a case, the trial court must, however, give the non-moving party actual or constructive notice of the date on or after which the motion will be deemed submitted for decision. Otherwise, the time in which the non-moving party is obligated to serve and file opposing affidavits would be undetermined." Ashworth v. Villageof Enon, Clark App. No. 95 CA 43, 1995 WL 614345, at *2, internal citations omitted.
 {¶ 19} "Obviously, if the trial court does set an explicit hearing date for the summary judgment motion, it succeeds in providing the requisite notice. Likewise, if the trial court sets explicit cutoff dates for the parties to file briefs and Civ.R. 56 materials, it succeeds in putting the parties on notice of the date that the motion will be ripe for decision." Hooten v. SafeAuto Ins. Co., 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, at ¶ 23.
 {¶ 20} In this case, the trial court gave actual notice of the date after which the motion for summary judgment would be deemed submitted for decision. On April 30, Union Savings Bank filed its motion for summary judgment. On May 13, the trial court filed a notice that set May 21 as a filing deadline for responses to Union Savings Bank's motion for summary judgment and May 31 as a filing deadline for the movant's reply. The trial court further ordered that "opposing counsel file memorandum and attach affidavits and exhibits on or before the above time[.]" The trial court did not set a hearing date and ordered that "there will beno oral presentation." (Underlining in original.) The trial court stated that it would make a ruling immediately thereafter. Maga filed his response, with an opposing affidavit attached, on June 5, after the court-ordered May 21 deadline. When Maga failed to file a response to Union Savings Bank's motion for summary judgment by May 21, the case was then deemed submitted for decision by the trial court, as stated in its May 13 order. The trial court reached its decision on June 6.
 {¶ 21} We conclude that the trial court was not obligated to consider Maga's response, with the affidavit attached, because it was not filed before the court-ordered deadline. Even if we had not so concluded, it is questionable whether Maga's statement in his affidavit — that he "has seen no instrument bearing his bona fide signature making him a debtor" — suffices to create a genuine issue of material fact. Maga does not directly aver that the signatures on the note and mortgage are not his, but makes instead the conspicuously softer claim that he has not "seen" an instrument with his signature making him a debtor. He does not aver what instruments he reviewed in preparation for making that claim, and he also leaves open the possible quibble that he only "saw" copies of the instruments attached to the Bank's pleadings, not the instruments themselves. Maga's coy averment is insufficient to put the effectiveness of Maga's signature on the note and mortgage into issue.
 {¶ 22} Maga further contends that summary judgment is inappropriate, because a genuine issue of material fact exists based on his specific denial of the execution of the contracts in his answer. Maga concedes that pursuant to Dryden v. Dryden
(1993), 86 Ohio App.3d 707, 621 N.E.2d 1216, his signature on each instrument is presumed valid unless he specifically denies the validity of his signature in his pleadings, at which point, Union Savings Bank has the burden of establishing the genuineness of his signature by the preponderance of the evidence. Maga argues that he specifically denied the execution of the contracts in his answer, and that Union Savings Bank failed to establish the genuineness of his signatures on the note and mortgage.
 {¶ 23} Maga is not liable on the instruments unless his signature appears on the instruments. See R.C. 1303.41(A). "Unless specifically denied in the pleadings, in an action with respect to an instrument, the authenticity of, and authority to make, each signature on an instrument is admitted. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the party claiming validity but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or becomes incompetent at the time of the trial on the issue of the validity of the signature." R.C.1303.36(A). "If the validity of signatures is admitted or proved * * *, a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under Section 1303.31 of the Revised Code, unless the defendant proves a defense or claim in recoupment." R.C.1303.36(B).
"Thus, it is initially presumed that all signatures are valid. If the defendant in his pleadings specifically denies the validity of his signature, the plaintiff has the burden of establishing by a preponderance of the evidence the fact of genuineness. A `specific denial' has been defined as `a statement that denies a particular fact and then states what actually occurred.' * * * [A] court should interpret the requirement of a specific denial to require only that the defendant deny the signature as specifically as possible. However, an answer which denies `each and every allegation' of a plaintiff's complaint, without more, is not a specific denial of the genuineness of the defendant's signature and is therefore an admission for the purpose of R.C. 1303.36." Dryden, 86 Ohio App.3d at 711-712, internal citations omitted.
 {¶ 24} Although the record shows no affidavit submitted by Union Savings Bank in support of its motion for summary judgment, Union Savings Bank did allege in its pleadings that Maga executed and delivered a note and mortgage to Midwest National Mortgage and that the note and mortgage were subsequently assigned to Union Savings Bank. Union Savings Bank also attached the note and mortgage to its complaint, and the signature of Maga appears to be affixed upon each instrument. In his answer, Maga pleaded a general denial, but did not specifically deny that the note and mortgage bore his signature.
 {¶ 25} Union Savings Bank alleged in paragraph 1 of Count One in its complaint the following:
 {¶ 26} "On or about October 21, 1997, Defendants, Dominic J. Maga and Lisa M. Maga, executed and delivered to Midwest National Mortgage, subsequently assigned to Union Savings, an Adjustable Rate Note as evidence of Makers' joint and several obligation to pay Union Savings the original principal sum of $90,000.00 (the `Note') plus interest thereon as set forth in the Note. A true and accurate copy of the Note is attached hereto as Exhibit `A'."
 {¶ 27} In his answer, Maga's entire response to paragraph 1 of Count One in Union Savings Bank's complaint was that "[d]efendants deny."
 {¶ 28} Union Savings Bank alleged in paragraph 6 of Count Two in its complaint the following:
 {¶ 29} "In order to secure the amounts owed Union Savings pursuant to the Note, Defendants, Dominic J. Maga and Lisa M. Maga (`Grantors'), on or about October 21, 1997, executed and delivered to Midwest National Mortgage, subsequently assigned to Union Savings, one Open-End Mortgage (the `Mortgage'). A true and accurate copy of said Mortgage is attached hereto as Exhibit `B'."
 {¶ 30} In his answer, Maga's entire response to paragraph 6 of Count Two in Union Savings Bank's complaint was that "[d]efendants deny."
 {¶ 31} In merely responding "[d]efendants deny" paragraphs 1 and 6 of Union Savings Bank's complaint, Maga did not specifically deny that the signature was his. We are left to speculate what portion or portions of the allegations set forth in paragraph 1 and paragraph 6, respectively, are denied. For example, Maga might be denying that the instrument was assigned to Union Savings Bank, without specifically denying that he signed it; or, he might be denying that the copy attached to the complaint was accurate, without specifically denying that he signed it. We conclude that Maga failed to deny each signature as specifically as possible, and that Maga's denial was therefore insufficient to put the effectiveness of his signature on the note and mortgage into issue. We conclude that Maga did not specifically deny the validity of his signature on the note and mortgage and therefore, did not overcome the presumption of validity of his signature on each instrument.
 {¶ 32} Pursuant to Civ.R. 56(C), "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." (Emphasis added.)
 {¶ 33} In construing the evidence most strongly in favor of Maga, we conclude that there is no genuine issue of material fact regarding the fact that Maga signed the note and mortgage. Accordingly, the trial court did not err in granting Union Savings Bank's motion for summary judgment.
Maga's first, second, and third assignments of error are overruled.
 III {¶ 34} Maga's fourth and fifth assignments of error are as follows:
 {¶ 35} "The judgment entry in this instant case constitutes a denial of due process. the first, second and third assignments of error is incorporated herein by reference as if fully rewritten. because there were genuine material issues of fact in dispute, and because the court did not consider appellant/defendant's timely filed affidavit in opposition in making his ruling, and because the appellee/plaintiff never served a copy of his affidavit in support of motion for summary judgment on appellant/plaintiff the granting of summary judgment in this instant case is a denial of due process."
 {¶ 36} "The judgment entry in this instant case constitutes a denial of a jury trial. the first, second and third assignments of error is incorporated herein by reference as if fully rewritten. because there were genuine material issues of fact in dispute, the granting of summary judgment in this instant case is a denial of a jury trial."
 {¶ 37} Maga contends that the trial court's order granting summary judgment in favor of Union Savings Bank denied him due process of law and his right to a jury trial, because there is a genuine issue of material fact, as argued above. Because we conclude that there is no genuine issue of material fact and that the trial court did not err in granting Union Savings Bank's motion for summary judgment, Maga's fourth and fifth assignments of error are necessarily overruled, as well.
 III {¶ 38} All of Maga's assignments of error having been overruled, the judgment of the trial court is affirmed.
Brogan and Wolff, JJ., concur.