JOHNSON, Appellee,

v.

OHIO STATE BOARD OF COSMETOLOGY, Appellant.

[Cite as *Johnson v. Ohio State Bd. of Cosmetology* (1995), 104 Ohio App.3d 662.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–95–2.

Decided June 19, 1995.

*Reese F. Mills,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Laurel D. Blum,* Assistant Attorney General, for appellant.

HADLEY, Judge.

Appellant, Ohio State Board of Cosmetology ("Board"), appeals from the judgment in the Crawford County Court of Common Pleas which reversed the judgment of the Board finding that appellee, JoAnna Johnson ("appellee"), had violated R.C. 4713.14 and Ohio Adm.Code 4713–11–11. The instant appeal was originally placed on this court's accelerated calendar; however, because of the issues raised in this appeal, we issue the following opinion pursuant to Loc.App.R. 12(5).

Appellee has owned and operated The Trendsetters Beauty Salon ("Trendsetters") in Galion, Crawford County, Ohio since its initial license was issued in early 1977. On July 2, 1993, an inspection took place at Trendsetters by two of the Board's inspectors, Inspector–Examiner Doris Frasch and Board Administrative Assistant Woodward T. Ross ("Frasch" and "Ross"). Subsequent to this inspection, the Board notified appellee that her license could be revoked or suspended for the following violations:

"1. During a routine inspection conducted on July 2, 1993, it was discovered that you continue to operate other businesses in your beauty salon, in violation of Section 4713.14 of the Revised Code, and in violation of the agreement you signed in March of 1991 (copies enclosed).

"2. During the same inspection, it was discovered that you continue to maintain access to a residential area from your salon, in violation of Section 4713.21 of the Revised Code, Ohio Administrative Code 4713–11–11, and the agreement you signed in 1991.

"3. [Charge withdrawn.]

"4. During the same inspection, it was discovered that you operate a beauty salon with an unsanitary dispensary, in violation of Section 4713.14 of the Revised Code."

Appellee timely requested a formal adjudicatory hearing, pursuant to R.C. Chapter 119. Frasch, Ross, and appellee testified at an October 27, 1993 hearing, and exhibits were produced for the hearing officer's determination of the charges against appellee. The hearing officer concluded that appellee's salon was in violation of R.C. 4713.14 for maintaining an unsanitary dispensary and operating a business other than a cosmetology business and also, in violation of R.C. 4713.21 and Ohio Adm.Code 4713–11–11, for maintaining access to a residential area from the beauty salon. The Board adopted the hearing officer's findings of fact and recommendations and imposed a $200 fine upon appellee and revoked Trendsetters' license.

Appellee timely filed a notice of appeal in the Crawford County Court of Common Pleas, alleging that the hearing officer's findings did not contain reliable, probative and substantial evidence that any of the violations had occurred. The parties submitted briefs and the record from the administrative agency proceedings, including the transcript of the October 27, 1993 hearing, for the trial court to consider in its resolution of the appeal. Upon consideration of the record and the briefs submitted by the parties, the trial court reversed the decision of the Ohio State Board of Cosmetology in its entirety. It is from this judgment that the Board now appeals, and asserts the following assignments of error:

"Assignment of Error Number One

"The lower court exceeded its scope of review in substituting its interpretation of R.C. 4713.14 for that of the Board.

"Assignment of Error Number Two

"The lower court erred in substituting its interpretation of O.A.C. 4713–11–11 for that of the Board.

"Assignment of Error Number Three

"The lower court erred in applying the incorrect standard of review under R.C. 119.12 and substituting its judgment for that of the Board."

We review appellant's assignments of error collectively, addressing each of the alleged violations to determine the correctness of the trial court's decision.

R.C. 119.12 states that the trial court's standard for review of an administrative agency's decision is the determination, after consideration of the entire record, of whether or not the agency's decision is supported by reliable, probative, and substantial evidence and in accordance with the law. In the absence of such evidence, the trial court is permitted to reverse, modify or vacate the agency's decision and to make a ruling that is supported by reliable, probative, and substantial evidence and in accordance with the law.

R.C. 119.12 further states that the court of appeals' function is to "review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record." But, cf., *Brown v. Ohio Bur. of Emp. Serv.* (1994), 70 Ohio St.3d 1, 635 N.E.2d 1230 (upon review of an administrative agency decision, the majority stated that the issue before the court was whether the *trial court's* decision was supported by reliable, probative and substantial evidence). Thus, if the judgment of the trial court is correct, the reviewing court must affirm the trial court's decision.

Appellant argues in its assignments of error that the trial court erred in reversing the entire judgment of the Board because there was reliable, probative, and substantial evidence for the Board's decision. We will address each of the alleged violations separately under our standard of review to determine the correctness of the trial court's decision.

### Unsanitary Dispensary Violation

■ During the July 2, 1993 inspection, both Frasch and Ross cited appellee for having an unsanitary dispensary on their respective "Beauty Salon Inspection Reports" ("Inspection Reports"), contrary to R.C. 4713.14. R.C. 4713.14(A), in relevant part, states:

"[R]ooms licensed as beauty salons * * * shall * * * be kept in a clean and sanitary condition * * *."

The hearing officer determined, upon conclusion of the testimony, that appellee's dispensary was unsanitary. The hearing officer stated in his report that Ross testified that the dispensary was in need of "a good general cleaning," "needed to be sanitized," and had things (which he could not remember specifically) lying in it which should not have been in it. Frasch also testified as to why she cited appellee for this violation, stating on direct examination that there had been dirty brushes and combs lying in the sink that should have been washed or stored in a closed container and a wastebasket was overflowing. Upon cross-examination, Frasch stated that she had no distinct memory of what the dispensary looked like on July 2, 1993, but did remember that the wastebasket needed to be emptied and to be covered. For these reasons, the hearing officer determined that appellee had violated R.C. 4713.14(A), unsanitary dispensary.

The trial court stated, generally, that the rules and regulations governing the cosmetology practice were vague, indefinite, and indeterminable, resulting in unfair and unequal treatment. Specifically, it found that absent any definition or guidelines for inspectors, a violation of R.C. 4713.14(A) for maintaining an unsanitary beauty salon is subject to an inspector's personal subjective observation of whether something in the salon is unsanitary.

■ "Sanitary," as noted by the parties and the trial court, is not defined in R.C. Chapter 4713, nor is it defined in Ohio Adm.Code Chapter 4713. In the absence of a legislative definition or judicial definition, it is permissible for a court to refer to the word's definition in the dictionary. *Richards v. State* (1924), 110 Ohio St. 311, 143 N.E. 714. Webster's Third New International Dictionary (1981) 2012, defines "sanitary" as " * * * for or relating to the preservation or restoration of health: occupied with measures or equipment for improving conditions that influence health: free from or effective in preventing or checking an agent (as filth or infection) injurious to health * * *."

The transcript from the hearing indicates that there was reliable, probative, and substantial evidence to support the Board's decision that appellee had violated R.C. 4713.14(A), having an unsanitary dispensary. As noted above, Ross testified that the dispensary in question was in need of a good cleaning and needed to be sanitized. Ross also remembered that there were items in the sink which should not have been in there; however, at the hearing he could not remember what those specific items were. Frasch testified that there were dirty combs and brushes in the dispensary, and also, that it needed to be scrubbed.

Thus, because there was reliable, probative, and substantial evidence to support the Board's decision that appellee was in violation of having an unsanitary

dispensary on the day of the inspection, the trial court's decision to reverse the Board on this violation was not correct.

For the above stated reasons, that portion of the trial court's judgment entry which reverses the Board's decision as to this violation is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.

### Salon Access to Living Quarters Violation

■ Frasch and Ross both cited appellee on their respective Inspection Reports for a violation of Ohio Adm.Code 4713–11–11, the resident salon having access to living quarters. Ohio Adm.Code 4713–11–11 states:

"Except for beauty salons licensed prior to September 5, 1977, beauty salon rooms in a residential building shall maintain a separate entrance which shall not open off the living quarters, and which shall not have any doors or openings leading to the living quarters. Entrance through garages or any other rooms shall not be permitted."

Appellee received her license to operate Trendsetters in early 1977, prior to the effective date of this regulation (September 5, 1977). However, introduced and admitted into evidence was an agreement signed by appellee, appellee's attorney at the time of the signing, the executive director of the Board, and the assistant attorney general for the Board. The date of the signing is not known, but the agreement indicates that it was signed sometime between December 26, 1990 and March 15, 1991. The agreement states, relevant to this violation:

"On December 26, 1990, JoAnna Johnson requested a formal adjudication hearing in this matter.

"In lieu of a formal adjudication hearing, JoAnna Johnson and the [Board] have entered into this agreement which the parties have resolved to be in their mutual best interests.

"The parties hereby agree to the following terms and conditions:

" * * *

"3. JoAnna Johnson agrees that her salon will not have access to the living quarters presently above her salon.

" * * *

"6. If JoAnna Johnson does not comply with the terms of this agreement by [M]arch 15, 1991, the [Board] shall proceed with re-scheduling the formal adjudication hearing in this matter."

The hearing officer determined that because appellee had entered into the above agreement and a door remained in the salon which could access living

quarters in the building, she was in violation of Ohio Adm.Code 4713–11–11 because the salon had access to living quarters in the building.

The trial court found that if the door complained of were to be sealed, in the event of an emergency (*e.g.,* fire in the building), a person could be trapped inside the building. Thus, it determined that to apply the regulation in this case would be "ridiculous, as it would impair the safety of the occupants of the salon." Moreover, the trial court found that the building was exempted from complying with Ohio Adm.Code 4713–11–11 as the beauty salon was licensed before September 5, 1977.

We do not believe that appellee is exempted from Ohio Adm.Code 4713–11–11 because her salon was licensed prior to September 5, 1977, as appellee signed an agreement in late 1990 or early 1991 agreeing to bring her salon in compliance with the regulation.[1] However, it is disturbing to note that, as pointed out by the trial court, there was evidence before the hearing officer (appellee's testimony) that in regard to the door in question, the fire marshal for the city of Galion informed appellee that this door should be *removed,* and sealing the door off would amount to a safety hazard. Appellee introduced an exhibit ("B") at the hearing of a letter from the Galion fire marshal which she stated would lend support to her argument that the door in question was to be removed. At the close of appellee's case, appellee moved for Exhibit B's admission into evidence; the hearing officer took the matter under advisement and stated that he would rule upon its admission at a later time. The record does not indicate that the hearing officer ever made his ruling on the admission of this exhibit on the record. In the absence of a ruling upon the exhibit's admission in the record, we presume he overruled the request for admission of the exhibit. See *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 223, 631 N.E.2d 150, 155 ("when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it.").

However, appellee's testimony alone that the fire marshal informed her that the sealing of the door in question was a safety hazard leads us to the conclusion that the trial court correctly determined that the Board's decision on this alleged violation was not supported by reliable, probative, and substantial evidence. The Board's decision essentially forces appellee, if she wishes to reopen her salon in the present building, to create a safety hazard for herself and her clientele in order to comply with the agreement between the parties. This is not reliable, probative, and substantial evidence to enforce that agreement against appellee, and hence, find her in violation of Ohio Adm.Code 4713–11–11.

---

1. The validity of this agreement has not been attacked by either party.

For the reasons stated above, the judgment of the trial court is affirmed on this issue.

### Other Businesses in Salon

 Ross cited appellee on his Inspection Report for a violation of R.C. 4713.14(A), operating a business other than a cosmetology business from her salon. The only business referred to by appellant as not being in compliance with this statute at this point in the case is appellee's costume rental business.

Appellee acknowledged at the hearing that she operated a costume rental business. The room where the costumes were stored was adjacent to the beauty salon and had a door which was not sealed from the beauty salon.

Appellant relies on R.C. 4713.14(A) and the 1991 agreement entered into between the parties, to support its argument that the Board properly found appellee in violation of R.C. 4713.14(A). R.C. 4713.14(A) states:

"[R]ooms licensed as beauty salons * * * shall be used only for the practice of services regulated and licensed under this chapter and section 4731.15 of the Revised Code * * *. Nothing in this section shall be construed to forbid the retailing of cosmetics, preparations, tonics, antiseptics, creams, lotions, wigs, postiches, and other items related to the practice of cosmetology, including clothing * * *."

The 1991 agreement, in addition to the provisions set forth above (see "Salon Access to Living Quarters Violation") states:

"2. JoAnna Johnson agrees to remove other businesses from her salon to a separate area which will be sealed from her salon and which will not have access to her salon.

" * * *

"6. If JoAnna Johnson does not comply with the terms of this agreement by [M]arch 15, 1991, the [Board] shall proceed with re-scheduling the formal adjudication hearing in this matter."

The hearing officer determined that the provision in R.C. 4713.14(A) permitting the retailing of "clothing" did not include the retailing of costumes and masks. Moreover, the hearing officer stated in his decision that appellee admitted in the 1991 agreement that her costume rental business constituted "other businesses." Thus, he concluded that since she agreed to remove and seal off other businesses from her salon, she was in violation of R.C. 4713.14(A), and the 1991 agreement.

The trial court reversed the Board's decision on this violation stating that the costume business had been tolerated in the past by the regular inspector to the

salon (Frasch), there was no testimony of sales of the costumes, and the costume business did not constitute a health risk.

We first address the issue of whether or not the costume rental business is a violation of R.C. 4713.14(A). "Clothing" is not defined by R.C. Chapter 4713. Webster's Third New International Dictionary (1981) 428, defines "clothing" as "covering for the human body or garments in general: all the garments and accessories worn by a person at any one time." Thus, referring to the plain meaning of "clothing," it is apparent, contrary to the conclusion of the Board, that "clothing" does encompass the retailing of costumes, as costumes are a covering for the human body and/or a garment worn by a person.

In regard to the 1991 agreement wherein appellee agreed to remove "other businesses" from her salon, the Board's conclusion on this matter is not supported by reliable, probative, and substantial evidence presented at the hearing, and therefore, the judgment of the trial court reversing the decision of the Board on this alleged violation must be affirmed. The hearing officer states in his report that appellee "previously admitted in writing * * * in a 1991 agreement that such activities constitute the conduct of other businesses required to be sealed form [sic] her salon and inaccessible from her salon." Thus, the hearing officer believed that paragraph two was evidence of an admission by appellee that her costume business constituted a violation of the 1991 agreement. Directly contrary to this statement is appellee's testimony during the hearing that when she signed the 1991 agreement she believed paragraph two regarding other businesses only referred to her sewing business (which business was removed from the salon area). Because the hearing officer relied upon incorrect reasons for its recommendation to the Board that appellee be found in violation of R.C. 4713.14(A) (that the statute does not encompass costumes within the meaning of "clothing" and appellee's intent about the 1991 agreement), there was not reliable, probative, and substantial evidence for its decision. Thus, the trial court correctly reversed the Board on this violation, for the reasons stated herein.

For the above stated reasons, the judgment of the Crawford County Court of Common Pleas is reversed and the cause is remanded as to the unsanitary dispensary violation, for proceedings consistent with this opinion. The judgment of the Crawford County Court of Common Pleas is affirmed as to the salon access to living quarters and other businesses violations.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.