[Cite as *First Fin. Bank, FSB v. Doellman*, 2013-Ohio-1383.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| FIRST FINANCIAL BANK, FSB, | : | CASE NO.   CA2012-05-112 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>4/8/2013 |
| - vs - | : | |
| | : | |
| NORBERT M. DOELLMAN, JR., et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2004-06-1855

Vincent E. Mauer, 3300 Great American Tower, 301 East Fourth Street, Cincinnati, Ohio 45202, for plaintiff, First Financial Bank

Adam R. Fogelman, 120 East Fourth Street, Suite 800, Cincinnati, Ohio 45202, for plaintiff-appellee, US Bank Home Mortgage

Norbert M. Doellman, Jr., P.O. Box 475, Hamilton, Ohio 45012, for defendants-appellants, Norbert M. Doellman and Karen E. Doellman

Dan L. Ferguson, Government Services Center, 315 High Street, Hamilton, Ohio 45011, for defendant, Butler County Treasurer

Joseph T. Chapman, 150 East Gay Street, 21st Floor, Columbus, Ohio 43215, for defendant, State Department of Taxation

**S. POWELL, J.**

{¶ 1}  Homeowners, fighting foreclosure, claim their bank failed to notify them in 2004

that they were in default of payment and thwarted their attempts to bring their loan current. We overrule the homeowners' arguments and affirm the judgment of foreclosure.

{¶ 2} Appellants, Norbert M. Doellman Jr. and Karen E. Doellman, executed a promissory note secured by a mortgage on the real property at issue in this case. The note and mortgage were later assigned to First Financial Bank, FSB (First Financial).

{¶ 3} First Financial filed a complaint in foreclosure on June 23, 2004 in Butler County Common Pleas Court. First Financial assigned the mortgage and note in 2005 to appellee, U.S. Bank, N.A. The trial court granted summary judgment and a judgment of foreclosure to U.S. Bank. This court found genuine issues of material fact precluded summary judgment and reversed and remanded the case to the trial court in *First Financial Bank v. Doellman*, 12th Dist. No. CA2006-02-029, 2007-Ohio-222.

{¶ 4} This case was heard by a trial to the bench. A court magistrate found that U.S. Bank was entitled to foreclose on the note and mortgage due to default of payment. The magistrate specifically found that, according to the terms of the note and mortgage, notice of payment default was properly provided to the Doellmans, and the Doellmans had the opportunity to bring the loan current, but failed to do so.

{¶ 5} The Doellmans filed objections to the magistrate's decision. The trial court overruled the objections, and in a separate opinion, adopted the magistrate's decision. The Doellmans filed this appeal, presenting two assignments of error for our review.

{¶ 6} As we begin our review, we are aware that U.S. Bank asserted it was only entitled to judgment on the note against Karen Doellman. According to the findings of the trial court, Norbert Doellman has "personal immunity from judgment on the note," pursuant to bankruptcy statutes. Therefore, judgment was entered on the note against Karen Doellman. The notice of appeal indicates the couple filed this appeal, and Norbert Doellman argues on behalf of the couple. For ease of discussion only, we will refer to the party appealing as the

Doellmans.

{¶ 7}   Assignment of Error No. 1:

{¶ 8}   APPELLANTS DOELLMAN NEVER RECEIVED A REQUIRED NOTICE OF DEFAULT FROM APPELLEE FIRST FINANCIAL BANK[.]  [sic]

{¶ 9}   The Doellmans contend they must receive the notice of default, and because they never received from First Financial the purported payment default letter, or demand letter, U.S. Bank cannot proceed with the foreclosure action.  We interpret this assignment of error to challenge the manifest weight of the evidence of this aspect of the trial court's decision.

{¶ 10}  When evaluating whether a judgment is against the manifest weight of the evidence in a civil case, the standard of review is the same as in the criminal context.  *Jones v. Holmes*, 12th Dist. No. CA2012-07-133, 2013-Ohio-448, ¶ 24, citing *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 17.

{¶ 11}  That is, the appellate court weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.  *Holmes.*  Every reasonable presumption must be made in favor of the judgment and the finding of facts. *Volkman* at ¶ 21.  If the evidence is susceptible of more than one construction, the reviewing court is bound to give the evidence the interpretation that is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment.  *Id.*

{¶ 12}  The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trier of fact is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.  *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio

St.3d 77, 80 (1984); *see McBride v. McBride*, 12th Dist. No. CA2011-03-061, 2012-Ohio-2146.

{¶ 13} In the case at bar, the pertinent provisions of the note and mortgage with regard to the notice of default are set forth below.

{¶ 14} Paragraph 8 of the promissory note provides, in part:

> If the Note Holder has not received the full amount of any monthly payment by the end of [15] calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge * * *.

> If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. * * *

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me. * * *

{¶ 15} Paragraph 9 of the note provides, in part:

> * * * any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above * * *.

{¶ 16} Under paragraph 18 of the mortgage instrument, upon a breach and prior to acceleration, the lender was required to mail a notice of default specifying the breach; the action required to cure such breach; a date, not less than 30 days from the date the notice was mailed, by which such breach must be cured; and that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by the mortgage, foreclosure by judicial proceeding, and sale of the property.

{¶ 17} Paragraph 14 of the mortgage provided that notice was to be given "by mailing such notice by certified mail addressed to Borrower at the Property Address * * *." "Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or

Lender when given in the manner designated herein."

{¶ 18} A mortgage supervisor for U.S. Bank testified at trial that U.S. Bank now has custody of the pertinent loan records from First Financial. A copy of those records was admitted into evidence.

{¶ 19} The magistrate observed that the records show the Doellmans "consistently fell behind on paying the note between 1999 and 2004," and "demand letters," or letters indicating the Doellmans were in default of payment, were sent during that time.

{¶ 20} The mortgage supervisor testified that the servicing records indicated a default letter was created and mailed to the Doellmans at the address of the property at issue on May 5, 2004. The witness testified that the records indicate the letter was mailed by certified mail and by "standard mail." A copy of the letter was admitted as an exhibit.

{¶ 21} Specific to the demand letter of May 5, 2004, the trial court found the contents of the demand letter included the required terms to notify the Doellmans of a default in payment and possible acceleration. The magistrate also made a finding that the record indicated the certified mail service of the May 5, 2004, letter was returned "unclaimed."

{¶ 22} U.S. Bank asserts that mailing the letter was sufficient; U.S. Bank adds that the Doellmans received the notice because the servicing records contained communication between Norbert Doellman and First Financial several days after May 5, including notations about waiting for the money to cover the March 2004 payment "to clear," and securing funds to "get him under 60 days delinquent."

{¶ 23} However, the Doellmans argue that U.S. Bank was required to show the borrowers received the demand letter, not simply that it was mailed. To that end, both Norbert and Karen Doellman testified they never received the May 5 letter. The U.S. Bank mortgage supervisor acknowledged the servicing records contained a copy of letter, but did not contain any evidence from the postal service that the letter was received by the

Doellmans.

{¶ 24} We have reviewed the case law advanced by the Doellmans for this assignment of error, and while those cases may have been helpful at the summary judgment stage, we find none of those cases pertinent or persuasive to the resolution of this appeal.

{¶ 25} The outstanding issues in this case were tried to the bench. After hearing the testimony and evidence, the trial court determined the letter was sent by certified mail, which was returned unclaimed, and by ordinary mail.

{¶ 26} The trial court found the Doellmans did not rebut the presumption the demand letter was received when sent by ordinary mail, as it found not credible the Doellmans' testimony they did not receive the payment default letter. *See Cantrell v. Celotex Corp.*, 105 Ohio App.3d 90, 94 (1st Dist.1995) (rebuttable presumption of mailbox rule).

{¶ 27} Certainly, there was conflicting evidence presented at the trial, and the trial court made a determination of the credibility of the evidence. As previously noted, when the evidence is susceptible of more than one construction, the reviewing court is bound to give the evidence the interpretation that is most favorable to sustaining the judgment. Applying the pertinent standard of review for the Doellmans' challenge, we cannot say the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. Accordingly, the Doellmans' first assignment of error is overruled.

{¶ 28} Assignment of Error No. 2:

{¶ 29} APPELLEE FIRST FINANCIAL BANK DENIED APPELLANTS DOELLMAN THE REQUIRED OPPORTUNITY TO BEING THEIR LOAN CURRENT PRIOR TO ACCELERATION AND FORECLOSURE IN ACCORDANCE WITH THE NOTE AND THE MORTGAGE[.] [sic]

{¶ 30} The Doellmans assert in their second assignment of error that First Financial

improperly refused their attempts to bring their loan current prior to acceleration and foreclosure. Specifically, they maintain they were able to amass approximately $4,000, which they claim represented three months of mortgage payments, but First Financial refused the money, stating additional amounts were owed because of the default and foreclosure proceedings.

{¶ 31} We note that U.S. Bank argues the Doellmans did not object to this portion of the magistrate's decision. A review of the Doellmans' written objections indicates otherwise.

{¶ 32} With regard to the attempt to bring the loan current, the U.S. Bank mortgage supervisor testified that the loan documents stated that the amount owed by the Doellmans included the monthly payments, expenses incurred in the enforcement of the note and mortgage, as well as late charges. *See i.e.*, *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306.

{¶ 33} The magistrate found the Doellmans sent an amount on June 1, 2004, but that amount was not sufficient to bring the loan current. The magistrate further found the Doellmans contacted First Financial on June 17, 2004, to remit what would constitute additional monthly payments, but the payments were refused because the payments "came after the time to cure the default had passed." The magistrate concluded the Doellmans "failed to cure their default and breach, and First Financial accelerated the balance of the loan in accordance with the terms of the note and mortgage."

{¶ 34} Applying the pertinent standard of review for the Doellmans' manifest weight of the evidence challenge on the second assignment of error, we cannot say the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. The Doellmans second assignment of error is overruled.

{¶ 35} Finally, we note the Doellmans also argued the magistrate was young and

inexperienced, and therefore, not qualified to hear the case. They further claim they were prevented from filing objections by the manner in which the magistrate issued his decision.

{¶ 36} We cannot agree the Doellmans were denied the right to file or were hampered in filing objections. The record indicates the Doellmans filed written objections and those objections were considered by the trial court. Further, the written objections do not specifically raise the perceived inexperience or lack of qualifications of the magistrate. *See* Civ.R. 53. Even if such arguments were raised in the objections, the Doellmans have failed to prove any aspect of their allegations.

{¶ 37} As previously noted, we have thoroughly considered the issues raised by the Doellmans in this appeal and find none of them well-taken.

{¶ 38} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.