[Cite as *Green Tree Servicing, L.L.C. v. Roberts*, 2013-Ohio-5362.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

GREEN TREE SERVICING, LLC,　　　　:

　　　Plaintiff-Appellant,　　　　　:　　　　　CASE NO.　CA2013-03-039

　　　　　　　　　　　　　　　　　　:　　　　　O P I N I O N
　　- vs -　　　　　　　　　　　　　　　　　　　12/9/2013

　　　　　　　　　　　　　　　　　　:

TAMMY ROBERTS, et al.,　　　　　　:

　　　Defendants-Appellees.　　　　:


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2011-12-4401


Lerner, Sampson & Rothfuss, Adam R. Fogelman, 120 East Fourth Street, Suite 800, Cincinnati, Ohio 45202, for plaintiff-appellant

James R. Douglass, 4600 Prospect Avenue, Cleveland, Ohio 44103, for defendants-appellees, Tammy & Allen K. Roberts


　　　**PIPER, J.**

　　　{¶ 1}　Plaintiff-appellant, Green Tree Servicing LLC, appeals a decision of the Butler County Court of Common Pleas granting judgment in favor of defendants-appellees, Tammy and Allen Roberts, in a foreclosure action. We reverse the judgment of the trial court and remand for a new trial.

　　　{¶ 2}　In 2007, Tammy acquired property in Middletown, Ohio, obtained a $200,000

loan from Suntrust Mortgage, Inc. for the property's purchase price, and signed a promissory note to Suntrust. Tammy and her husband Allen then granted a mortgage on the property to Suntrust to secure the borrowed sum.

{¶ 3} Suntrust subsequently assigned its interest in the mortgage to Mortgage Electronic Registration Services, Inc. (MERS) acting as nominee for Suntrust. Suntrust then assigned its interest in the promissory note to Litton Loan Servicing, LP. While Litton Loan held interest in the note, the Roberts defaulted. Therefore, in February 2010, the Roberts entered into a loan modification agreement with Litton Loan.

{¶ 4} Eventually, both the note and mortgage were reassigned to Green Tree. Green Tree subsequently filed a foreclosure action against the Roberts in 2011, claiming default in the sum of $200,738.60 plus interest, court costs, and advances. The Roberts filed an answer setting forth several defenses as well as counterclaims against Green Tree. The counterclaims were eventually dismissed.

{¶ 5} The matter proceeded to a bench trial on December 10, 2012, wherein Green Tree presented the testimony of Thomas Clark, a foreclosure supervisor. Clark testified that Green Tree is the mortgage servicer of Fannie Mae, who is the "owner" of the Roberts' promissory note. Clark explained that, as Fannie Mae's servicer, Green Tree maintains copies of the Roberts' original loan documents in its record keeping system while a "custodian of records" maintains the original loan documents. Clark testified that Green Tree currently possesses the promissory note and mortgage and that he had personally reviewed those documents before appearing for trial.

{¶ 6} As a foreclosure supervisor, Clark attested he is familiar with Green Tree's record keeping system and the Roberts' loan documents. Clark explained that the record keeping system includes documents from the origination of the loan, including documents created by Green Tree's predecessors, as well as documents relating to the servicing of the

- 2 -

loan. These documents are kept "in the course of Green Tree's regularly conducted business activity" and are inputted into the record keeping system at or near the time a payment or information is received by Green Tree.

{¶ 7} Finally, Clark testified the Roberts were in default on the loan in the principal sum of $198,396.83 plus interest and advances and a notice of default had been created and sent to the Roberts by Litton Loan in September 2010.

{¶ 8} At the conclusion of trial, Green Tree sought to admit nine exhibits including the promissory note, mortgage, loan modification agreement, payment history, and notice of default. The admittance of the notice of default and any portions of the Roberts' payment history created by Litton Loan were excluded from evidence as inadmissible hearsay. Before ruling on the admission of the promissory note and loan modification agreement, the trial court gave the parties time to brief the admissibility issues.[1]

{¶ 9} On February 7, 2013, the trial court issued its decision. In granting judgment to the Roberts, the trial court made the following statement:

> This Court has significant problems with the "business records" in this case. As was mentioned, the same person (Elizabeth Willard) endorsed assignments of both the note and mortgage at essentially the same time as an officer of two competing companies. Litton Loan Servicing allegedly sent a Notice of Default in September 2010 though the *records show they only held an interest in the mortgage for eight days in* April, 2011. Equally important, there was no evidence that the Notice of Default was sent or received by the [Roberts]. Though there is no written evidence, Fannie Mae is alleged to be the owner of the note, there is also no evidence that they assigned [Green Tree] the right to act in their behalf.
>
> This Court believes that [Green Tree] has failed to meet its burden of proof and therefore grants judgment to the defendant Tammy

---

1. The trial court did not specifically rule on the admissibility of the promissory note and loan modification agreement but, rather, entered judgment in favor of the Roberts without admitting or excluding these exhibits. In the absence of a ruling upon the admission of an exhibit into the record, the law deems such to be overruled. *State ex rel. Doe v. Tetrault*, 12th Dist. Clermont No. CA2011-10-070, 2012-Ohio-3879, ¶ 50, citing *State ex rel. The V. Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 1998-Ohio-329; *Johnson v. Ohio State Bd. of Cosmetology*, 104 Ohio App.3d 662, 668 (3d Dist.1995). Therefore, we will proceed under the presumption that the trial court excluded the promissory note and loan modification agreement from evidence.

Roberts.

(Emphasis sic.)

{¶ 10} From the trial court's decision, Green Tree appeals, raising eight assignments of error. For ease of discussion, some assignments of error shall be addressed together.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT EXCLUDED THE [PROMISSORY] NOTE AND LOAN MODIFICATION FROM EVIDENCE SOLELY ON THE AUTHENTICITY OF MS. ROBERTS' SIGNATURE.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED WHEN IT EXCLUDED THE NOTICE OF DEFAULT AS "DOUBLE HEARSAY."

{¶ 15} Assignment of Error No. 3:

{¶ 16} THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT EXCLUDED EVIDENCE ONLY BECAUSE GREEN TREE'S PREDECESSOR PREPARED THE RECORDS.

{¶ 17} In its first three assignments of error, Green Tree argues the trial court erred in excluding from evidence (1) the promissory note, (2) the loan modification agreement, (3) the Roberts' payment history that was prepared by Litton Loan, and (4) the notice of default.

{¶ 18} It is well-established that the "admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *U.S. Bank, N.A. v. Bryant*, 12th Dist. Butler No. CA2012-12-266, 2013-Ohio-3993, ¶ 10, citing *Ohmer v. Renn-Ohmer*, 12th Dist. Butler No. CA2012-02-020, 2013-Ohio-330, ¶ 17. Accordingly, "unless the trial court clearly abused its discretion and a party was materially prejudiced as a result, reviewing courts should be slow to interfere." *Silver v. Jewish Home of Cincinnati*, 190 Ohio App.3d 549, 2010-Ohio-5314, ¶ 59 (12th Dist.), citing *State v. Withers*, 44 Ohio St.2d 53 (1975). An abuse of discretion is

more than an error of law or judgment but connotes an arbitrary, unreasonable, or unconscionable decision by the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## Promissory Note and Loan Modification Agreement

{¶ 19} Green Tree first asserts the trial court erred in excluding from evidence the promissory note and loan modification agreement on the basis that Tammy's signatures on these documents were not authenticated.

{¶ 20} "Generally, the holder of a negotiable instrument * * * establishes a *prima facie* case for payment on a note where the note is placed in evidence and the makers' signature(s) is (are) admitted." *Dryden v. Dryden*, 86 Ohio App.3d 707, 711 (4th Dist.1993), citing R.C. 1303.36(B). However, no person is liable on an instrument unless his or her signature appears thereon. *Id.*, citing R.C. 1303.37(A). R.C. 1303.36(A) provides that, "[u]nless specifically denied in the pleadings, in an action with respect to an instrument, the authenticity of, and authority to make, each signature on an instrument is admitted." Consequently, it is initially presumed that all signatures are valid unless the defendant in his or her pleadings "specifically denies the validity" of the signature. *Dryden* at 711.

{¶ 21} A "specific denial" has been defined as "a statement that denies a particular fact and then states what actually occurred." *Id*. at 712. An answer which denies "each and every allegation" of a plaintiff's complaint, without more, is not a specific denial of the genuineness of the defendant's signature and is, therefore, an admission for the purposes of R.C. 1303.36. *Id.*, citing *Bentz v. Mullins*, 24 Ohio App.2d 137 (1st Dist.1970).

{¶ 22} Here, the Roberts' answer contains five general denials of the allegations contained in Green Tree's complaint. The Roberts never "specifically denied" that the signatures appearing on the promissory note and loan modification agreement did not belong to Tammy. Therefore, the trial court erred by excluding the promissory note and loan

modification agreement from evidence based upon the authenticity of Tammy's signatures. *See Union Savings Bank v. Maga*, 2d Dist. Montgomery No. 20303, 2004-Ohio-3090, ¶ 31 (holding that the response "defendants deny" to multiple paragraphs of a complaint is not a "specific denial" of the signature on those instruments).

{¶ 23} In their appellate brief, the Roberts contend the trial court excluded the promissory note from evidence not only because of the unauthenticated signature, but also because Clark testified that he had never seen the original promissory note before trial and, therefore, the note itself was not properly authenticated or introduced. However, based upon the trial court's statements during trial, we disagree with the Roberts' contention as to why the promissory note was excluded.

{¶ 24} Clark testified that it was the regular course of business for Green Tree to keep copies of the original loan documents while the originals were kept by a third-party custodian. Clark further testified that he had personally reviewed the copies of the Roberts' loan documents prior to testifying. Green Tree's attorney then attempted to introduce the original promissory note into evidence. Objections were raised and the trial court made the following statement:

> * * * I don't think anybody is challenging the fact that that is the original note and it was held by [Green Tree] as a business record. The question is, is that the note that was executed by Mrs. Roberts, that's the issue. * * * They hold a note, which is the original note. Yeah, I don't think that's a disputed issue in this case, at least not in my mind. * * * The question is, is it the note in this case, that's the question.

{¶ 25} Thus, the trial court found the promissory note introduced by Green Tree was "an original note" that was admissible under the business records exception to the hearsay rule. *See* Evid.R. 803(6); *U.S. Bank Natl. Assn. v. Higgins*, 2d Dist. Montgomery. No. 24963, 2012-Ohio-4086, ¶ 15, quoting *SFJV v. Ream*, 187 Ohio App.3d 715, 2010-Ohio-1615, ¶ 46-48 (2d Dist.). The reason why the original promissory note was not admitted was because

the court doubted whether the note was "the note in this case," i.e., the promissory note executed by Tammy. As we have previously determined Tammy's signature on the promissory note was not in dispute, we find the trial court abused its discretion in excluding the note on the basis of Tammy's signature needing to be authenticated.

**Documents Created by Litton Loan**

{¶ 26} Green Tree further alleges the trial court erred by excluding from evidence any document that was created by Green Tree's predecessor, Litton Loan, including the notice of default and the Roberts' payment history on the note.[2] Specifically, Green Tree argues that these documents fall within the Evid.R. 803(6) business records exception to the hearsay rule and should have been admitted at trial.

{¶ 27} Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the time of hearing, offered in evidence to prove the truth of the matter asserted" therein. The trial court found that the notice of default and the Roberts' payment history were inadmissible hearsay because Litton Loan created these documents and Green Tree failed to present a qualified witness from Litton Loan to authenticate them.

{¶ 28} In order to be admissible, business records must be authenticated by evidence sufficient to support a finding that the matter in question is what its proponent claims. Evid.R. 901. Pursuant to Evid.R. 901(B)(10), authentication of business records "is governed by Evid.R. 803(6)." *Cent. Mtge. Co. v. Bonner*, 12th Dist. Butler No. CA2012-10-204, 2013-Ohio-3876, ¶ 14, citing *Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, ¶ 9 (1st Dist.); *Ohio Receivables, L.L.C. v. Dallariva*, 10th Dist. Franklin No. 11AP-951, 2012-Ohio-3165, ¶ 18.

{¶ 29} To qualify for admission under Evid.R. 803(6), "a business record must

---

2. The trial court admitted the portion of the Roberts' payment history that was created by Green Tree but excluded those parts of the payment history created by Litton Loan.

manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the custodian of the record or by some other qualified witness." *Bonner* at ¶ 13, citing *State v. Glenn*, 12th Dist. Butler No. CA2009-01-008, 2009-Ohio-6549, ¶ 17; and *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, ¶ 171. Even after the above elements are established, however, a business record may be excluded from evidence if "the source of information or the method of circumstances of preparation indicate lack of trustworthiness." *Id.*

{¶ 30} Pursuant to the "adoptive business records exception," Evid.R. 803(6) "does not require the witness whose testimony establishes the foundation for a business record to have personal knowledge of the exact circumstances of preparation and production of the document or of the transaction giving rise to the record." (Internal quotations omitted.)[3] *Dallariva* at ¶19, quoting *State Farm Mut. Auto. Ins. Co. v. Anders*, 197 Ohio App.3d 22, 2012-Ohio-824, ¶ 15 (10th Dist.). Rather, the adoptive business records exception "'permits exhibits to be admitted as business records of an entity even when the entity was not the maker of the records, so long as the other requirements of [Evid.R. 803(6)] are met and circumstances indicate the records are trustworthy.'" *Bonner* at ¶ 16, quoting *Dallariva* at ¶

---

3. While this court has never expressly adopted the adoptive business records exception, we have consistently applied the exception and its reasoning in our opinions. *See Bonner* at ¶ 12-16; *JPMorgan Chase Bank, NA v. Carroll*, 12th Dist. Clinton No. CA2013-04-010, 2013-Ohio-5273, ¶ 25. Therefore, we take this opportunity to expressly adopt the adoptive business records exception in accordance with the First, Eighth, and Tenth Appellate Districts, as well as various federal circuits. *See Great Seneca Financial v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618 (1st Dist.); *RBS Citizens, N.A. v. Zigdon*, 8th Dist. Cuyahoga No. 93945, 2010-Ohio-3511; *Dallariva*, 2012-Ohio-3165; *United States v. Jakobetz*, 955 F.2d 786, 801 (2d Cir.1992); *United States v. Ullrich*, 580 F.2d 765, 772 (5th Cir.1978); *United States v. Childs*, 5 F.3d 1328, 1334 (9th Cir.1993); *United States v. Irvin*, 656 F.3d 1151, 1161 (10th Cir.2011); *United States v. Collado*, 439 Fed.Appx. 845, 848 (11th Cir.2011). To find otherwise would overcomplicate litigation and unnecessarily increase its expense by forcing an entity to bring in a large number of witnesses to prove the existence of one chain of business records. In so holding, however, we acknowledge a conflict with the Second Appellate District. *Ohio Receivables, L.L.C. v. Williams*, 2d Dist. Montgomery No. 25427, 2013-Ohio-960, ¶ 21.

20. "Records need not be actually prepared by the business offering them if they are received, maintained, and relied upon in the ordinary course of business" and "incorporated into the business records of the testifying entity." *Dallariva* at ¶ 20, citing *Great Seneca* at ¶ 15.

{¶ 31} In the case at hand, Clark testified he had personal knowledge of the record keeping system used by Green Tree and that Litton Loan had transferred its servicing documents to Green Tree upon the assignment of the Roberts' note and mortgage. However, when Green Tree's attorney asked Clark to testify regarding the notice of default and payment history documents Green Tree received from Litton Loan, the trial court ruled that Clark could not testify about any documents created by Litton Loan because he was not a Litton Loan employee. When Green Tree sought to introduce the notice of default and the Roberts' payment history into evidence, the trial court excluded the evidence.

{¶ 32} The trial court's determination that Clark could not testify about any record or document created by Litton Loan prevented Green Tree from establishing the proper foundation to admit the notice of default and the Roberts' payment history with Litton Loan into evidence. As Clark could have had the requisite knowledge to authenticate these records under Evid.R. 803(6), the trial court abused its discretion in preventing Clark from testifying about the exhibits. *See Great Seneca* at ¶ 15 (determining assignee of delinquent credit card account, GSF, properly introduced documents from original creditor as its own business records, where GSF's records custodian averred the assigned documents "were kept in its regular course of business, that they had been 'certified' by an intermediary of First USA Visa, and that GSF was relying on the documents to arrive at the sum of $7,405.79").

{¶ 33} We find that the wrongful exclusion of the evidence detailed above was prejudicial error necessitating reversal. This matter is remanded for a new trial wherein the trial court shall admit into evidence those documents properly authenticated and introduced

by the parties in accordance with this opinion.

{¶ 34} Accordingly, Green Tree's first, second, and third assignments of error are sustained.

{¶ 35} Assignment of Error No. 4:

{¶ 36} THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT UNILATERALLY CHALLENGED THE TRANSFER OF THE NOTE AND MORTGAGE.

{¶ 37} In its fourth assignment of error, Green Tree takes issue with the trial court's "unilateral" challenge of the transfer of the note and mortgage. Specifically, Green Tree argues the trial court erred in relying upon the allegedly improper assignment of the note and mortgage in order to grant judgment in favor of the Roberts.

{¶ 38} In its decision, the trial court articulated its concern that the assignment of the mortgage from MERS as nominee for Suntrust to Litton Loan was endorsed by Elizabeth Willard as assistant secretary for MERS while the assignment of the promissory note from Litton Loan to Green Tree was endorsed by Elizabeth Willard as vice president of Litton Loan. Essentially, the trial court determined that Ms. Willard had endorsed assignments of the note and mortgage while acting as "an officer for two competing companies."

{¶ 39} The issue of whether these assignments were proper was never raised by the Roberts and no evidence was presented that the assignment was improper in any way. Moreover, even if the assignment was improperly endorsed, the Roberts could not benefit from such an error because they would still be required to pay under the terms of the note and mortgage regardless of the validity of the assignment. *See Deutsche Bank National Trust Company v. Whiteman*, 10th Dist. Franklin No. 12AP-536, 2013-Ohio-1636, ¶ 19 ("mortgage assignments do not alter [the mortgagor's] obligations under the note or mortgage"); *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 30.

{¶ 40} Thus, the trial court erred in relying on alleged faults in the assignment of the note and mortgage to award judgment to the Roberts. Accordingly, Green Tree's fourth assignment of error is sustained.

{¶ 41} Assignment of Error No. 5:

{¶ 42} THE TRIAL COURT ERRED AS A MATTER OF LAW AND FACT WHEN IT FOUND NO ACCELERATION OCCURRED.

{¶ 43} In its fifth assignment of error, Green Tree argues the trial court erred by finding that the debt owed under the terms of the promissory note had not been properly accelerated. In its decision granting judgment in favor of the Roberts, the trial court took issue with the notice of default "allegedly" being sent by Litton Loan rather than Green Tree. The trial court found the lack of evidence that the Roberts ever received the notice of default to be "equally important" in granting judgment to the Roberts.

{¶ 44} On appeal, Green Tree argues the trial court erred by holding (1) Green Tree, rather than its predecessor, was required to send the notice of default, and (2) Green Tree needed to prove that the notice of default was received by the Roberts. Green Tree contends that it was not required to give notice of default when Litton Loan had already provided such notice to the Roberts. Green Tree further argues it need not prove the Roberts *received* the notice of default so long as it proved the notice of default was actually *sent*. In support of these arguments, Green Tree relies on the language of the promissory note and the notice of default, as well as case law from this and other districts. *See First Fin. Bank, FSB v. Doellman*, 12th Dist. Butler No. CA2012-05-112, 2013-Ohio-1383, ¶ 26; *Cantrell v. Celotex Corp.*, 105 Ohio App.3d 90, 94 (1st Dist.1995) (rebuttable presumption of mailbox rule).

{¶ 45} As the promissory note and notice of default were improperly excluded from evidence, the trial court was unable to review these documents to determine if the debt was

properly accelerated under the terms of the note and mortgage. Consequently, we are precluded from reviewing these documents. On retrial, if the promissory note and notice of default are properly introduced and admitted into evidence, the trial court may then examine the documents to determine whether the debt was lawfully accelerated. Until such time, we reserve judgment on the issue.

{¶ 46} Green Tree's fifth assignment of error is, therefore, rendered moot.

{¶ 47} Assignment of Error No. 6:

{¶ 48} THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT UNILATERALLY DETERMINED THAT ONLY AN OWNER OF A NOTE AND MORTGAGE CAN ENFORCE THE CONTRACTS.

{¶ 49} In its sixth assignment of error, Green Tree contends the trial court erred by finding that only Fannie Mae, the "owner" of the promissory note, was entitled to enforce the note. Specifically, Green Tree asserts that, as a matter of law, it was entitled to enforce the note as a holder of the instrument, and it would have demonstrated its interest in the note had the promissory note not been wrongfully excluded from evidence by the trial court. The trial court took issue with Green Tree's right to enforce the note because Clark admitted that Fannie Mae is the "owner of the note."

{¶ 50} R.C. 1303.31(A) identifies three "persons" entitled to enforce an instrument: "(1) [t]he holder of the instrument; (2) [a] nonholder in possession of the instrument who has the rights of a holder; and (3) [a] person not in possession of the instrument who is entitled to enforce the instrument pursuant to [R.C. 1303.38] or [R.C. 1303.58(D)]." As stated in R.C. 1303.31(B), "[a] person may be a 'person entitled to enforce' the instrument even though the person *is not the owner of the instrument* or is in wrongful possession of the instrument." (Emphasis added.)

{¶ 51} In other words, "[t]he current holder of the note and mortgage is entitled to bring

a foreclosure action against a defaulting mortgagor even if the current holder is not the owner of the note and mortgage." *BAC Home Loans Servicing, LP v. Kolenich*, 12th Dist. Butler No. CA2012-01-001, 2012-Ohio-5006, ¶ 38, citing R.C. 1303.31(A). A "holder" is "a person in possession of a note that is payable either to bearer or to an identified person." *Self Help Ventures Fund v. Jones*, 11th Dist. Ashtabula No. 2012-A-0014, 2013-Ohio-868, ¶ 33, citing R.C. 1301.201(B)(21).

{¶ 52} At trial, Clark testified that Green Tree had been in possession of the note and was in possession of the note at the time of trial. As we previously noted, the trial court would have admitted the promissory note under the business records exception to the hearsay rule had it not incorrectly determined that Tammy's signature on the note was unauthenticated. If the promissory note had been admitted at trial, the finder of fact would have been in the position to determine whether Green Tree was the holder of the note and whether the note was payable either to bearer or to Green Tree.

{¶ 53} Accordingly, based upon our previous determination that the trial court erred in excluding the promissory note from evidence, we find the trial court erred in determining that no evidence exists demonstrating Green Tree was entitled to enforce the promissory note as the holder of the instrument.

{¶ 54} Green Tree's sixth assignment of error is, therefore, sustained.

{¶ 55} Assignment of Error No. 7:

{¶ 56} THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED GREEN TREE'S CLAIM.

{¶ 57} Assignment of Error No. 8:

{¶ 58} THE TRIAL COURT ERRED BY NOT SPECIFYING ITS DECISION WAS "WITHOUT PREJUDICE."

{¶ 59} Based upon our resolution of the foregoing issues, we find Green Tree's

remaining assignments of error moot. This case is reversed and the cause is remanded to the trial court for retrial consistent with this opinion.

{¶ 60} Judgment reversed and remanded.

HENDRICKSON, P.J., and M. POWELL, J., concur.