[Cite as *Bank of Am., N.A. v. Calloway*, 2016-Ohio-7959.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103622**

# BANK OF AMERICA, N.A.

PLAINTIFF-APPELLEE

vs.

# PAUL CALLOWAY, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-764310

**BEFORE:** Blackmon, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 1, 2016

**ATTORNEY FOR APPELLANTS**

Grace Mary Doberdruk
3401 Enterprise Parkway, Suite 340
Beachwood, Ohio 44122


**ATTORNEYS FOR APPELLEES**

**For Paul Calloway**

Patricia Kay Block
Lori N. Wight
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio 45201

Rick D. Deblasis
Adam R. Fogelman
Lerner, Sampson & Rothfuss
120 East Fourth Street, 8th Floor
Cincinnati, Ohio 45202

Romi T. Fox
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio 45202

Melissa A. Laubenthal
Kathleen A. Nitschke
Laren C. Tompkins
Giffen & Kaminski, L.L.C.
1300 East Ninth Street
Suite 1600
Cleveland, Ohio 44114

Also Listed:

ABC Bail Bonds
715 Broadway Avenue
Lorain, Ohio 44052

Landmark Nation
1268 North River Road
Suite 1
Warren, Ohio 44483

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellants Paul Calloway and Terri Calloway ("the Calloways") appeal the trial court's judgment granting foreclosure in favor of appellee Bank of America, N.A. ("BOA").[1] The Calloways assign six errors for our review.[2]

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.

**{¶3}** In March 2005, Paul Calloway executed a promissory note for $138,000 secured by a mortgage for the purchase of property located in Euclid, Ohio. While the note was only executed by Paul, the mortgage was in the name of Paul and Terri. As a result, BOA did not seek a personal money judgment against Terri.

**{¶4}** The note, which was indorsed in blank, was executed in favor of Countrywide Home Loans, Inc., d.b.a., America's Wholesale Lender. The mortgage securing the note was in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). Paul Calloway executed a name affidavit in conjunction with the note and mortgage execution attesting that he is known as "Paul Calloway" and "Paul J. Callaway." The Calloways made 38 payments on the note and mortgage from March 2005 to July 2008 before they stopped payment entirely. In 2014, Paul Calloway purchased a home in San Antonio, Texas where the Calloways now live.

---

[1]ABC Bail Bonds and Landmark National II Corporation were also named defendants in the complaint; however BOA obtained default judgment against these two parties.

[2]*See* appendix.

**{¶5}** On September 14, 2011, BOA filed a complaint against the Calloways seeking $132,752.06, plus interest. Attached to the complaint were the following documents: (1) a copy of the unendorsed promissory note naming Countrywide Home Loans, Inc., d.b.a., American's Wholesale Lender, as the payee; (2) a copy of the original mortgage with MERS; (3) MERS's assignment of the mortgage on February 9, 2009, to Countrywide Home Loans Servicing, L.P.; (4) Certificate of Filing with the state of Texas showing that in April 21, 2009, Countrywide Home Loans Servicing, L.P.'s name was amended to BAC Home Loans Servicing L.P., and (5) Certificate of Merger from the state of Texas showing that on June 28, 2011, BAC Home Loans Servicing L.P. merged with BOA.

**{¶6}** BOA filed a motion for summary judgment that was denied by the trial court. The matter was referred to mediation. The parties were unable to settle; therefore, the matter proceeded to a bench trial before a foreclosure magistrate. The magistrate issued a 24-page decision in which it found that Paul Calloway defaulted on payment of the note; that BOA was the current holder of the note and mortgage; and, that BOA had complied with all the conditions precedent contained in the mortgage prior to filing the complaint for foreclosure. The magistrate found that BOA was entitled to foreclose on the property and awarded BOA $132,752, plus interest at a the rate of 6.5% per annum from June 1, 2008, for the default payment on the note. The Calloways filed objections to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's decision.

### Representative's Lack of Personal Knowledge

**{¶7}** We will address the Calloways' first and fourth assigned errors together because they both argue that BOA failed to prove that it had standing to bring the foreclosure suit because the trial court erred by allowing the testimony of BOA representative, Sirdonia Davis ("Davis"). The Calloways argue that Davis was not competent to testify because she did not have personal knowledge of the Calloways' records. They also argued that the trial court erred by allowing their loan documents to be admitted because Davis lacked personal knowledge to authenticate the documents.

**{¶8}** The admission of evidence lies within the broad discretion of the trial court. *Beard v. Meridia Huron Hosp.*, 106 Ohio St.3d 237, 2005-Ohio-4787, 834 N.E.2d 323, ¶ 20. A reviewing court will uphold an evidentiary decision absent an abuse of discretion that has affected the substantial rights of the adverse party or is inconsistent with substantial justice. *Beard* at ¶ 20. The trial court did not abuse its discretion by allowing Davis to testify or allowing the documents to be admitted.

**{¶9}** Evid.R. 803(6) provides an exception to the hearsay rule for business records of regularly conducted activity as long as the record is kept in the regular course of business and verified by a "person with knowledge" of the record. This court has held that a representative of the servicer of the borrower's loan is competent to testify regarding the content of documents regarding the borrower's loan with which he or she is personally familiar. *See Deutsche Bank Natl. Trust Co. v. Gardner*, 8th Dist. Cuyahoga No. 92916, 2010-Ohio-663; *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga

No. 98502, 2013-Ohio-1657. In these cases, the servicer was not involved when the original note and mortgage were executed, but had reviewed the origination file.

{¶10} Notably, the cases cited by the Calloways are cases where affidavits in support of summary judgment were at issue, and the affidavits were found to be inadequate.[3] In the instant case, Davis throughly testified as to her qualifications and knowledge as to the documents and record-keeping practices of BOA. Defense counsel also extensively cross-examined Davis as to her knowledge. Davis testified that she was the assistant vice president in BOA's mortgage resolution department. In this position, she was responsible for managing the portfolios of cases in litigation. As a result, she was familiar with BOA's record keeping practices for residential mortgage loans and had access to the Calloways' files with which she was familiar. She testified that she also reviewed the documents of the prior servicer and that she had no reason to question the accuracy of the records, which were maintained in the same manner as BOA. Additionally, Davis established the chain of title of the mortgage. Under these circumstances, Calloway had sufficient personal knowledge to be found competent to testify as to matters related to the subject loan.

---

[3]*Bank of New York Mellon Trust Co. v. Villalba,* 9th Dist. Summit No. 26709, 2014-Ohio-4351(language in the affidavit indicated affiant lacked personal knowledge of the note); *Bank of New York Mellon Trust Co. v. Mihalca*, 9th Dist. Summit No. 25747, 2012-Ohio-567(affiant failed to explain how job duties gave her personal knowledge regarding note and mortgage); *Deutsche Bank Natl. Trust Co. v. Dvorak*, 9th Dist. Summit No. 27120, 2014-Ohio-4652 (affiant failed to attach business records that she referred to in her affidavit in support of her statement that she had personal knowledge).

**{¶11}** This court has also held that business records are admissible even though the party seeking to admit the records did not create them. We stated in *RBS Citizens, N.A. v. Zigdon*, 8th Dist. Cuyahoga No. 93945 , 2010-Ohio-3511:

> "[E]xhibits can be admitted as business records of an entity, even when that entity was not the maker of those records, provided that the other requirements of [Evid.R.] 803(6) are met and the circumstances indicate that the records are trustworthy." [*Great Seneca Fin. v. Felty*, 170 Ohio App.3d 737, 2006-Ohio-6618, 869 N.E.2d 30], ¶ 14.
>
> The question before us is whether Alves had "personal knowledge" of the documents she reviewed, as contemplated by Civ.R. 56(E). While we acknowledge that Alves did not create the Zigdon documents, we hold that her affidavit is admissible to support a summary judgment motion under the business record exception to the rule against hearsay._
>
> Alves is a Legal Specialist and Consumer Counselor for RBS. The documents she reviewed relating to the Zigdons were business records created by Charter One. On September 1, 2007, RBS and Charter One merged, with RBS taking over Charter One's accounts. As part of Alves' job duties, she is the custodian of Charter One documents pertaining to the Zigdons' line of credit._
>
> Accordingly, the court did not abuse its discretion when it denied the Zigdons' motion to strike Alves' affidavit.

*Id.* at ¶ 15-17.

**{¶12}** Davis testified that she was not the custodian of the records. However, Evid. R. 803(6) specifically provides that the testimony can be provided either by the "custodian or other qualified witness." As we stated above, Davis's responsibilities as assistant vice president in BOA's mortgage resolution department gave her personal knowledge of the record keeping practices of BOA and of the Calloways' loan and

payment history. As we held in *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657:

> For a document to be admitted as a business record, it must first be properly identified and authenticated "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). "This low threshold standard does not require conclusive proof of authenticity, but only sufficient foundational evidence for the trier of fact to conclude that the document is what its proponent claims it to be." *State v. Easter*, 75 Ohio App.3d 22, 25, 598 N.E.2d 845 (4th Dist.1991).

*Id.* at ¶ 30. Davis's knowledge along with the production of the originals of the loan and note at trial were sufficient to prove the documents were in fact what Davis testified they were.

{¶13} Because Davis was competent to testify and authenticate the documents related to the Calloways' loan, the trial court did not err by concluding that BOA had standing to bring the foreclosure action. A party has standing in a foreclosure suit, when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned or (2) is the holder of the note. *CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶ 21, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

{¶14} Although the Calloways make much of the fact that there was no evidence that Countrywide Home Loans, Inc. assigned the note to BOA, such evidence was unnecessary because BOA had possession of the note, which was indorsed in blank. Pursuant to R.C. 1303.25(B), when the note is indorsed in blank the instrument becomes payable to the bearer and may be negotiated by transfer and possession alone. *Bank of*

*Am. N.A. v. Farris*, 8th Dist. Cuyahoga No. 102256, 2015-Ohio-4980, ¶ 21; *Third Fed. S & L Assn. of Cleveland v. Reids*, 8th Dist. Cuyahoga No. 99650, 2013-Ohio-4602.

**{¶15}** The Calloways also argued that BOA was not the owner of the loan, only the servicer. According to the Calloways, the loan is owned by Federal National Mortgage Association ("Fannie Mae") and that without Fannie Mae's authorization, BOA did not have the authority to foreclose.[4] Who owns the loan is irrelevant to the enforcement of a promissory note and mortgage. As this court in *Citimortgage Inc. v. Evans*, 8th Dist. Cuyahoga No. 101882, 2015-Ohio-1384, explained:

> In a foreclosure action, the current holder of the note and mortgage is the real party in interest. *Wells Fargo Bank v. Stovall*, 8th Dist. Cuyahoga No. 91802, 2010-Ohio-236. Under R.C. 1303.31, a "holder" is entitled to enforce an instrument. Notably, a person may be a "person entitled to enforce" an instrument even though the person is not the "owner" of the instrument. *U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 20.

*Id.* at ¶ 16.

**{¶16}** Also, the evidence presented at trial showed that the mortgage was assigned to BOA. The documents testified to and admitted into evidence showed that the mortgage originated with MERS, as nominee for America's Wholesale Lender. On February 9, 2009, MERS, as nominee for America's Wholesale Lender, assigned the mortgage to Countrywide Home Loans Servicing, L.P. Subsequently, on April 21, 2009, Countrywide Home Loans Servicing L.P. amended its Certificate of Limited Partnership

---

[4] This evidence was not presented at trial, but raised in the Calloways' objection to the magistrate's report, in which they requested the trial court take judicial notice that Fannie Mae owned the loan.

to change its name to BAC Home Loans Servicing L.P. Finally, BAC Home Loans Servicing L.P. merged into BOA on June 28, 2011. BOA also presented the original note and mortgage. No evidence was presented at trial to controvert this evidence, and no documentation was presented to support the allegations made on the website that Fannie Mae is in fact the owner of the loan. The website merely states: "It *appears* that Fannie Mae owns your loan, based on the information you entered." The trial court did not err by disregarding this evidence. Accordingly, the Calloways' first and fourth assigned errors are overruled.

## Conditions Precedent

{¶17} In their second assigned error, the Calloways argue that the trial court erred by concluding that BOA complied with the conditions precedent to foreclosure as set forth in the mortgage because BOA's Davis lacked personal knowledge to authentic the letter that was allegedly sent to the Calloways advising them of the default and the acceleration of payment of the note.

{¶18} As stated above, Davis was qualified to authenticate the business records contained in the Calloways' file. She testified that a Notice of Acceleration and Default Letter were sent on August 18, 2008, to the Calloways at the Euclid, Ohio address by first class mail. At that time Countrywide Home Loans L.P. was servicing the loan. However, this court in *Nationstar Mtge., L.L.C. v. Wagener*, 8th Dist. Cuyahoga No. 101280, 2015-Ohio-1289, ¶ 56, held that the current servicer can authenticate the notice of acceleration provided by a prior servicer.

**{¶19}** Moreover, Civ.R. 9(C) requires that "[a] denial of performance or occurrence shall be made specifically and with particularity." In *Bank of Am., N.A. v. Michko*, 8th Dist. Cuyahoga No. 101513, 2015-Ohio-3137, ¶ 20-21, we held that the conditions precedent were deemed admitted when the party failed to deny that the conditions precedent had been satisfied with the specificity required by Civ.R. 9(C). *See also Secy. of Veterans Affairs v. Anderson*, 8th Dist. Cuyahoga No. 99957, 2014-Ohio-3493, ¶ 15; *Bank of Am., N.A. v. Pate*, 8th Dist. Cuyahoga No. 100157, 2014-Ohio-1078, ¶ 9.

**{¶20}** In the instant case, BOA asserted in its complaint that all conditions precedent had been preformed. In their answer, the Calloways generally denied all the allegations. Thus, BOA had no duty to prove that the conditions precedent had been satisfied. Accordingly, the Calloways' second assigned error is overruled.

### Invalid Signatures on Mortgage and Note

**{¶21}** In their third assigned error, the Calloways argue that the trial court erred by granting a judgment in foreclosure because (1) Paul Calloway denied signing the note and mortgage claiming he was told that the representative would take care of the paper work; (2) his name is misspelled on the note and mortgage; (3) Terri Calloway did not recall that a notary was present at the closing of the loan; and (4) the Calloways disputed the handwriting expert's analysis.

**{¶22}** The trial court found that "Paul Calloway failed to specifically deny the genuineness of his signature in his amended answer and did, as a matter of law, admit his

signature was valid on the note and mortgage."  Trial Court Judgment Entry, Sept. 15,

2016 at 2.    We agree.

> "Generally, the holder of a negotiable instrument * * * establishes a prima facie case for payment on a note where the note is placed in evidence and the makers' signature(s) is (are) admitted."  *Dryden v. Dryden*, 86 Ohio App.3d 707, 711, 621 N.E.2d 1216 (4th Dist.1993), citing R.C. 1303.36(B).  However, no person is liable on an instrument unless his or her signature appears thereon. *Id*., citing R.C. 1303.37(A). R.C. 1303.36(A) provides that, "[u]nless specifically denied in the pleadings, in an action with respect to an instrument, the authenticity of, and authority to make, each signature on an instrument is admitted."  Consequently, it is initially presumed that all signatures are valid unless the defendant in his or her pleadings "specifically denies the validity" of the signature.  *Dryden* at 711._
>
> A "specific denial"  has been defined as "a statement that denies a particular fact and then states what actually occurred."  *Id*. at 712.  An answer which denies "each and every allegation" of a plaintiff's complaint, without more, is not a specific denial of the genuineness of the defendant's signature and is, therefore, an admission for the purposes of R.C. 1303.36. *Id*., citing *Bentz v. Mullins*, 24 Ohio App.2d 137, 265 N.E.2d 317 (1st Dist.1970).

*Green Tree Servicing, LLC v. Roberts*, 12th Dist. Butler No. CA2013-03-039,

2013-Ohio-5362, ¶ 20-21.

{¶23} Here, the Calloways' amended answer contains six general denials of the

allegations contained in BOA's complaint.  The Calloways never "specifically denied"

that Paul's signatures appearing on the promissory note and mortgage were forgeries.

{¶24} Even if we addressed the merits of their argument, there is no grounds for

reversal.  In *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517,

the Supreme Court of Ohio clarified the standard of review used to determine whether

judgments in civil cases are against the manifest weight of the evidence.  The court held

that an appellate court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Id.* at ¶ 20. The *Eastley* court went on to explain that when "weighing the evidence in civil cases, courts of appeals must make every presumption in favor of the finder of fact, and construe the evidence, if possible, to sustain the judgment of the trial court." *Id*. at ¶ 21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶25} Here, after reviewing the evidence, we find no basis to conclude that the trial court created a manifest miscarriage of justice in resolving the conflicts in evidence. Although Paul denies that he uses the surname "Calloway," a Name Affidavit was admitted into evidence showing Calloway is known also as "Callaway." Moreover, a handwriting expert testified extensively regarding comparisons made of the signatures on the note and mortgage with the known signature of Calloway on affidavits he submitted and a pro se answer he signed. The expert concluded that the signatures were all by the same individual. The Calloways' counsel cross-examined the expert extensively on the fact that Calloway suffered from vision deficiencies and that there were discrepancies in the signatures. However, the expert stated that the signatures showed no indication that vision influenced the signatures. The expert also stated that it is impossible to have identical signatures as all signatures have discrepancies. The key to analyzing the handwriting is to determine if the discrepancies are found in other writings and whether

the pressure points and speed are the same. She found these similarities in Paul's signatures. Based on this testimony, the trial court did not err by concluding that Paul signed the mortgage and note.

{¶26} The fact that Terri Calloway could not remember whether a notary was present when she signed the mortgage is irrelevant. We agree with the trial court that because Terri admitted to signing the mortgage, evidence that a notary was present was not necessary because Terri is not disputing that she signed the mortgage or claiming that she did so under duress. Accordingly, the Calloways' third assigned error is overruled.

## Assignment of Mortgage

{¶27} For ease of discussion, we will address the sixth error before the fifth error. The Calloways argue that the trial court erred by not allowing them to challenge the assignment of the mortgage. They contend that the assignment by MERS to BOA was not a valid assignment because it was executed by a BOA employee.

{¶28} In *Bank of New York Mellon Trust Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, we held that a borrower does not have standing to challenge the validity of an assignment of the mortgage because the borrower is not a party to the assignment. *Id.* at ¶ 35. The reason for this conclusion is that the assignment does not alter [the borrower's] obligations under the note or mortgage. *Id. See also Nationstar Mtge. LLC v. Dimasi*, 8th Dist. Cuyahoga No. 102985, 2016-Ohio-3057, ¶ 16; *Macintosh Farms Community Assn. v. Baker*, 8th Dist. Cuyahoga No. 102820, 2015-Ohio-5263.

**{¶29}** Like in *Unger*, the Calloways were not a party to the assignment of the mortgage; therefore, they lack standing to challenge its validity. The assignment does not alter Paul's responsibilities and obligations under the note or mortgage. His default exposed him to the foreclosure action regardless of the identity of the plaintiff who may prosecute such action. Moreover, because BOA has possession of the note, they have standing to bring the foreclosure action. *Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶ 21. Accordingly, the Calloways' sixth assigned error is overruled.

## Amendment of Complaint

**{¶30}** In their fifth assigned error, the Calloways argue that the trial court erred by permitting BOA to amend the complaint to add an unjust enrichment claim after the trial had commenced.

**{¶31}** We conclude that this assigned error is moot. Although the magistrate permitted BOA to amend the complaint pursuant to Civ.R. 15(B) to add an unjust enrichment complaint, the magistrate concluded that the Calloways breached the note and mortgage agreements. In adopting the magistrate's decision, the trial court concluded that: "The court finds that plaintiff has proven all the necessary elements required for its claim for breach of contract and, therefore, judgment is rendered in favor of plaintiff and against defendant Paul Calloway as to Count One of the complaint in the sum of $132,752.06, with interest at the rate of 6.5%." Trial Court Judgment, September 15, 2015. Our resolution of the above assigned errors affirms the trial court's conclusion.

**{¶32}** When a written contract between the parties addresses the matter in dispute, the contract governs the parties' performance, unless the contract is void due to illegality, fraud, or otherwise cannot govern the relationship. *Saraf v. Maronda Homes, Inc.*, 10th Dist. Franklin No. 02AP-461, 2002-Ohio-6741, ¶ 12._ When there is no remedy in contract or tort, then the equitable principle of unjust enrichment can be used to "prevent injustice." *Id.* Because the note and mortgage between BOA and the Calloways are valid, the terms of those documents govern the relationship and resort to recovery under unjust enrichment is unnecessary. *See also Chenault v. Deutsche Bank Natl. Trust Co.*, 10th Dist. Franklin No. 101280, 2015-Ohio-1850, ¶ 22-23. Accordingly, the Calloway's fifth assigned error is overruled.

**{¶33}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR

## **APPENDIX**

<u>Assignments of Error</u>

I.   The trial court erred when it granted a judgment of foreclosure to plaintiff appellee Bank of America.

II.   The trial court erred by granting a judgment of foreclosure when appellee did not demonstrate compliance with all conditions precedent to foreclosure.

III.   The court erred by granting a judgment of foreclosure when the mortgage did not have the proper spelling of appellants' names, appellant Paul Calloway testified that he never signed the note or mortgage, appellant Terri Calloway testified that no notary was present, and the mortgage did not encumber the property.

IV.   The court erred by admitting exhibits of records of the prior servicers when appellee Bank of America's Custodian of records did not testify.

V.   The court erred by permitting appellee to amend the complaint to add an unjust enrichment claim after the trial had begun and erred by granting a judgment and decree in foreclosure based on the unjust enrichment claim.

VI.   The trial court erred by finding that appellants could not challenge the assignment of mortgage.